MARIA C. RODRIGUEZ (SBN 194201)
mcrodriguez@mwe.com
MARJORIE C. SOTO (SBN 313290)
mcsotogarcia@mwe.com
MADELINE HASSELL (SBN 347161)
mhassell@mwe.com
**McDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3218
Telephone: +1 310 788 4126
Facsimile: +1 310 277 7390

Attorneys for Defendant
TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATARINA CORTEZ,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, A CALIFORNIA CORPORATION, KAMBER TAYLOR, AN INDIVIDUAL, and DOES 1 through 50, inclusive;<br><br>Defendants. | CASE NO. _____<br><br>**DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 (a) AND (b)**<br><br>Complaint Filed: June 6, 2023 |

## **TABLE OF CONTENTS**

**Page(s)**

I. FACTUAL SUMMARY ............................................................................... 1

II. PROCEDURAL SUMMARY ....................................................................... 3

III. JOINDER ..................................................................................................... 3

IV. ARGUMENT ............................................................................................... 3

    A. Individual Defendant Kamber Taylor Must Be Disregarded for Purposes of Diversity Jurisdiction Because She Was Fraudulently Joined. ................................................................................................ 3

V. BASIS FOR JURISDICTION .................................................................... 6

VI. THE PARTIES' DIVERSITY OF CITIZENSHIP .................................... 6

VII. THE AMOUNT IN CONTROVERSY ...................................................... 7

VIII. COMPLIANCE WITH STATUTORY REQUIREMENTS FOR REMOVAL ................................................................................................. 10

- i -

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 (a) AND (b)

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Ames v. City of Novato*,
   No. 16-cv-02590-JST, 2016 WL 6024587 (N.D. Cal. Oct. 14, 2016) ................. 6

*Brady v. Mercedes-Benz USA, Inc.*,
   243 F. Supp. 2d 1004 (N.D. Cal. 2002) .............................................................. 10

*Coleman v. Estes Express Lines, Inc.*,
   730 F. Supp. 2d 1141 (C.D. Cal. 2010) ................................................................ 8

*Conrad Assoc. v. Hartford Accident & Indem. Co.*,
   994 F. Supp. 1196 (N.D. Cal. 1998) .................................................................... 8

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   135 S. Ct. 547 (2014) ........................................................................................... 8

*Duran v. DHL Express (USA), Inc.*,
   No. CV 15-09965-BRO (Ex), 2016 WL 742864 (C.D. Cal. 2016) ..................... 4

*Good v. Prudential Ins. Co. of Am.*,
   5 F. Supp. 2d 804 (N.D. Cal. 1998) ..................................................................... 4

*Guglielmino v. McKee Foods Corp.*,
   506 F.3d 696 (9th Cir. 2007) ................................................................................ 9

*Jackson v. American Bankers Ins. Co.*,
   976 F. Supp. 1450 (S.D. Ala. 1997) ..................................................................... 9

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) .............................................................. 8, 9

*Manatt v. Bank of America* (9th Cir. 2003)
   339 F.3d 792 ......................................................................................................... 5

*McCabe v. General Foods Corp.*,
   811 F.2d 1336 (9th Cir. 1987) ......................................................................... 4, 7

*Medrano v. Genco Supply Chain Sols.*,
   No. 1:10-CV-01555-LJO-SKO, 2011 WL 92016 (E.D. Cal. 2011) .................... 4

- ii -

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 (a) AND (b)

*Morris v. Princess Cruises, Inc.*,
   236 F.3d 1061 (9th Cir. 2001) .................................................................... 4

*Rangel v. Bridgestone Retail Operations, LLC*,
   200 F. Supp. 3d 1024 (C.D. Cal. 2016) ...................................................... 5

*Rippee v. Boston Mkt. Corp.*,
   408 F. Supp. 2d 982 (S.D. Cal. 2005) ......................................................... 8

*Ritchey v. Upjohn Drug Co.*,
   139 F.3d 1313 (9th Cir. 1998) .................................................................... 7

*Salkin v. United Services Automobile Ass'n*,
   767 F. Supp. 2d 1062 (C.D. Cal. 2011) ...................................................... 7

*Singer v. State Farm Mut. Auto Ins. Co.*,
   116 F.3d 373 (9th Cir. 1997) ...................................................................... 8

*State Farm Mutual Automobile Ins. Co. v. Campbell*,
   538 U.S. 408 (2003) .................................................................................. 10

*Valdez v. Allstate Ins. Co.*,
   372 F.3d 1115 (9th Cir. 2004) .................................................................... 8

*White v. FCI USA, Inc.*,
   319 F.3d 672 (5th Cir. 2003) ...................................................................... 11

**California Cases**

*Aguilar v. Avis Rent A Car Sys., Inc.*,
   21 Cal.4th 121 (1999) ................................................................................. 5

*Garcia v. Roy Medical Group, Inc.*,
   No. 20STCV17447 (Cal. L.A. Cty. Super. Ct. Aug 8, 2022) ..................... 10

*Reno v. Baird*,
   18 Cal. 4th 640 (1998) ................................................................................ 6

*Serri v. Santa Clara University*,
   226 Cal. App. 4th 830 (2014) ..................................................................... 5

*Stepp v. Fidelity National Title Group, Inc., et. al.*,
   No. BC517311 (Cal. L.A. Cty. Super. Ct. Dec. 4, 2015) ........................... 10

- iii -

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 (a) AND (b)

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

*Thompson v. City of Monrovia*,
    186 Cal. App. 4th 860 ................................................................................... 5

*Tran v. Golden State Fc., LLC, et al.*,
    No. BC699931 (Cal. L.A. Cty. Super. Ct. Oct. 21, 2021) 2021 WL 5440982 .. 10

**Federal Statutes**

28 U.S.C.
    §§ 1332 and 1441(a) and (b) .......................................................................... 1
    § 1332(a)(1) .............................................................................................. 1, 6
    § 1332(c) ...................................................................................................... 7
    § 1441(a) ................................................................................................ 7, 11
    § 1446(a) .................................................................................................... 11
    § 1446(b) .................................................................................................... 11
    § 1446(d) .................................................................................................... 11

**California Statutes**

Cal. Civ. Proc. Code
    § 415.30 ....................................................................................................... 3

Government Code
    § 12900, *et seq.* .......................................................................................... 9
    § 12940 *et seq.* ........................................................................................... 9
    § 12940(h) .................................................................................................... 9
    § 12940(j) ..................................................................................................... 9
    § 12940(j) and (k) ........................................................................................ 9

- iv -

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 (a) AND (b)

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant TARGET CORPORATION ("Target"), by and through its attorneys of record, hereby removes the above-entitled action pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b), and the fraudulent joinder doctrine, based on the grounds set forth below.

This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) and the alleged amount in controversy exceeds $75,000 with respect to Plaintiff's potential awards. Removal is proper because diversity exists between Plaintiff Catarina Cortez ("Plaintiff") and Target. While Plaintiff also brings this lawsuit against individual defendant Kamber Taylor ("Taylor"), Plaintiff alleges only five threadbare allegations against Taylor in her entire 80-paragraph complaint (the "Complaint"). Moreover, all of Plaintiff's causes of action and allegations offered in support thereof are against Target and not aimed at Taylor specifically. Thus, Taylor is a sham defendant named solely for purposes of defeating diversity jurisdiction and, thus, this Court must disregard her citizenship for purposes of the diversity inquiry.

## I.  FACTUAL SUMMARY

Plaintiff began working for Target as a Warehouse Worker at Target's Shafter, California Global Supply Chain Logistics ("GSCL")[1] facility on or about February 10, 2022. (*See Declaration of Adam Klarfeld* ("Klarfeld Decl."), ¶ 5.) On or about February 10, 2022, Plaintiff received and acknowledged Target's policies, including its Equal Employment Opportunity Policy, Harassment-Free Workplace Policy, Complaint and Reporting Procedure Policy, and Lactation and Breastfeeding Policy. Further, Plaintiff received and acknowledged Target's Leave of Absence Guidelines provide that any abuse or misuse of its leave policy by any Team Member[2] will result

---

[1] Formerly known as Distribution Center.

[2] Target refers to employees as "Team Members" consistent with its spirit of

- 1 -

in immediate forfeiture of the privileges and benefits of this policy and may also result in corrective action up to and including termination of employment.

On June 11, 2022, Plaintiff used inappropriate language when speaking to and about a fellow Team Member. On June 13, 2022, Plaintiff received Disciplinary Action "Counseling – Failure to Behave in a Respectful Manner." Plaintiff's disciplinary action informed her that if she engaged in further unacceptable conduct during the "Extended Period" (12 months following disciplinary action) then she would be placed on the next appropriate step of corrective action, up to and including termination. Plaintiff conveniently alleges that this write up occurred only four days after she allegedly informed Target she was pregnant. (Exhibit A, Compl. ¶ 12.) However, Plaintiff fails to include the fact that during Target's investigation of the incident on June 11, 2022, Plaintiff admitted to using inappropriate language when speaking to her manager – the exact behavior for which she was written up. Even if Plaintiff did inform Target on June 9, 2022, of her pregnancy, Plaintiff herself admitted that the write up was a result of her failure to comply with Target policies.

Following Plaintiff's initial request for an accommodation, and in accordance with Target policy, Target placed Plaintiff on "light duty"[3] for 12 weeks. After 12 weeks of light duty, Target informed Plaintiff that Target could no longer offer light duty as an accommodation because she was unable to perform the essential functions of her position as a Warehouse Worker. As an alternative accommodation, Target offered Plaintiff an unpaid leave of absence. Plaintiff requested a leave of absence for September 26, 2023 through February 23, 2023. However, Plaintiff failed to provide medical documentation – as required by Target's policies for a leave of absence request – of her need for a leave of absence despite receiving at least three separate written reminders to do so. On October 24, 2022, Target sent Plaintiff a letter informing her she would need to submit documentation before Target could approve her leave of

---

collaboration.

[3] Light duty is an accommodation offered by Target.

absence. On November 7, 2023, Target sent a reminder to Plaintiff to provide documentation of her need for a medical leave of absence. Again, on November 23, 2022, Target sent a letter informing Plaintiff that her leave of absence was denied for failure to provide documentation of her medical need for a leave of absence. She remained on an unapproved leave of absence until she was administratively separated from her employment on July 10, 2023. (Klarfeld Decl., ¶ 5.)

## II. PROCEDURAL SUMMARY

On or about June 9, 2023, Plaintiff commenced this action in the Superior Court of California in and for Los Angeles Superior County by filing the Complaint entitled *Catarina Cortez v. Target Corporation, et. al.*, which was designated as case number 23STCV13324. In her Complaint, Plaintiff alleges: (1) Unlawful Pregnancy Discrimination; (2) Pregnancy Harassment; (3) Failure to Accommodate Conditions Related to Pregnancy; (4) Failure to Engage in the Interactive Process; (5) Failure to Prevent Discrimination, Harassment, and Retaliation; (6) Retaliation; and (7) Injunctive Relief.

On July 3, 2023, Plaintiff served the Complaint on Target pursuant to Cal. Civ. Proc. Code § 415.30. A true and correct copy of the summons and Complaint served on Target is attached hereto as **Exhibit A**.

## III. JOINDER

Taylor, as Co-defendant, has consented to this removal.

## IV. ARGUMENT

### A. Individual Defendant Kamber Taylor Must Be Disregarded for Purposes of Diversity Jurisdiction Because She Was Fraudulently Joined.

Plaintiff sued Taylor in an attempt to avoid the rightful forum for her claims, yet fails to allege sufficient facts to support any cause of action against Taylor.

The law is clear that a defendant may remove a case with a non-diverse defendant on the basis of diversity jurisdiction by demonstrating that the plaintiff fails

to state a cause of action against a resident defendant. A defendant may do so by presenting facts showing that the joinder is fraudulent. *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 806–07 (N.D. Cal. 1998) (finding that joinder of non-diverse defendant was fraudulent and would not preclude removal). In determining whether a plaintiff has failed to state a cause of action, a court must assess "the pleadings that exist at the time of removal and the possible claims that have any viability given the facts actually pled—not hypothetical factual scenarios not contained in the pleadings." *Medrano v. Genco Supply Chain Sols.*, No. 1:10-CV-01555-LJO-SKO, 2011 WL 92016, at *13 (E.D. Cal. 2011), *report and recommendation adopted*, No. 1:10-cv-01555-LJO-SKO, 2011 WL 346523 (E.D. Cal. 2011). District courts may also consider "facts showing the joinder to be fraudulent" alleged by a defendant and may look beyond the pleadings, including at declarations and affidavits. *Duran v. DHL Express (USA), Inc.*, No. CV 15-09965-BRO (Ex), 2016 WL 742864, at *6 (C.D. Cal. 2016).

Here, none of the causes of action in the Complaint can be maintained against Taylor. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (finding joinder of resident defendant was fraudulent where the plaintiff failed to state any cause of action against resident defendant). Further, there is no possibility that Plaintiff could prevail on this alleged claim – even through amendment. *See Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016).

To illustrate, Plaintiff's claim for harassment in violation of FEHA is the only cause of action that can plausibly be maintained against an individual. To establish a *prima facie* case of harassment, a plaintiff must establish that she was subject to "offensive comments or other abusive conduct" that is (1) based on a "protected characteristic" and (2) "sufficiently severe or pervasive as to alter the conditions of [her] employment." *Serri v. Santa Clara University*, 226 Cal. App. 4th 830, 871 (2014). To constitute harassment the conduct must be so objectively severe or

4

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 (**A**) AND (**B**)

pervasive, as to "create a hostile or abusive working environment. *Id*.

Plaintiff's Complaint is devoid of any statements evidencing severe or pervasive conduct by Taylor. *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 878 (A claim for harassment only exists if the employee can demonstrate repeated and routine acts so severe or pervasive as to create an abusive environment for any reasonable person belonging to Plaintiff's protected group); *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal.4th 121, 131 (1999) ("harassment cannot be occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature . . . "); *Manatt v. Bank of America* (9th Cir. 2003) 339 F.3d 792, 798 ("simple teasing" and "offhand comments" are not actionable). Plaintiff merely alleges that after Plaintiff informed Taylor that she was "hot" while at work Taylor responded that it may be because Plaintiff was "hormonal" due to her pregnancy; that Taylor asked about her pregnancy; that Taylor suggested Plaintiff change into a more work-appropriate shirt; and that Taylor informed Plaintiff that her nails were too long to safely work. (Exhibit A, Complaint ¶ 12.) The above-described comments, are "isolated, sporadic, [and] trivial" and do not demonstrate a "concerted pattern of harassment of a repeated, routine, or generalized nature." *Aguilar,* 21 Cal.4th at 131. Therefore, Plaintiff cannot establish a *prima facie* case for pregnancy harassment in violation of FEHA.

Moreover, an individual like Taylor cannot be liable for disability discrimination, retaliation, failure to prevent discrimination and harassment, failure to engage in the interactive process, and failure to provide a reasonable accommodation. "FEHA makes it unlawful for an 'employer' to discriminate, retaliate, or fail to prevent discrimination against a person." *Ames v. City of Novato*, No. 16-cv-02590-JST, 2016 WL 6024587, at *5 (N.D. Cal. Oct. 14, 2016) (*citing, e.g.*, Cal. Gov't Code § 12940(a), 12940(h), 12940(k), and dismissing claims against an individual supervisory employee). Accordingly, the California Supreme Court has held that individual employees may not be sued for violations of FEHA sections 12940(a), (h), (k), (m) or

(n). *See Reno v. Baird*, 18 Cal. 4th 640, 663 (1998).

For these reasons, Plaintiff does not and cannot state a claim for the cause of action against Taylor, and this court must disregard him for purposes of diversity.

## V. BASIS FOR JURISDICTION

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) based on diversity jurisdiction. The diversity-of-citizenship requirement is satisfied because Plaintiff is a citizen of a state different from Target and, as discussed above, the only non-diverse Defendant, Taylor, is a sham defendant and must be disregarded for purposes of diversity.

While Target disputes the allegations of wrongdoing in the Complaint and disputes that Plaintiff is entitled to relief in any amount from Target, the amount in controversy requirement is satisfied because Plaintiff's Complaint seeks damages in excess of $75,000, exclusive of fees and costs. Therefore, the state court action is properly removable to this Court.

## VI. THE PARTIES' DIVERSITY OF CITIZENSHIP

There is complete diversity of citizenship because the operative parties, Plaintiff and Target, are citizens of different states. The individual defendant in this lawsuit, Taylor, does not destroy diversity because she is a sham defendant, fraudulently joined, and must be disregarded for purposes of diversity.

Plaintiff is a citizen and resident of the State of California (Exhibit A, Complaint ¶ 12.) Target is now, and ever since this action commenced has been, incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota. (Klarfeld Decl., ¶¶ 3-4.) Accordingly, pursuant to 28 U.S.C. § 1332(c), the one necessary defendant is a citizen of Minnesota, not California.

Any potential "Doe" defendants shall be disregarded for purposes of removal. 28 U.S.C. § 1441(a). In addition, there are no allegations in the Complaint with respect to the potential "Doe" defendants at all such that no clue is given as to their identity or relationship to the claims. (Exhibit A, Complaint ¶ 6.)

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 (**A**) AND (**B**)

Finally, if a defendant is named for the purpose of destroying diversity, the court "may ignore the presence of that defendant for the purpose of establishing diversity." *Salkin v. United Services Automobile Ass'n*, 767 F. Supp. 2d 1062, 1064-65 (C.D. Cal. 2011). A defendant named for that improper purpose is known as a "fraudulent defendant" or a "sham defendant," and defendants have the burden of showing that plaintiff "obviously fails" to state a claim against defendants to prove fraudulent joinder. *Id.*; *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-20 (9th Cir. 1998); *McCabe*, 811 F.2d at 1339 (9th Cir. 1987). The evidence that a court may consider in determining whether fraudulent joinder exists is anything ascertainable from the face of the complaint as well as any "facts presented by the parties at the time of removal." *Salkin*, 767 F. Supp. 2d at 1068.

As discussed above, Plaintiff cannot maintain any of the causes of actions alleged in the Complaint against Taylor; therefore, her residency must be disregarded for purposes of evaluating diversity jurisdiction because she is a sham defendant and this matter is thus properly removed to this Court.

## VII. THE AMOUNT IN CONTROVERSY

Accepting Plaintiff's allegations as true only for purposes of this removal, the amount in controversy is **at least $900,145** – as discussed in more detail below. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376-77 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1147-48 (C.D. Cal. 2010). Defendant can establish the amount in controversy by relying either on the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377;

*Conrad Assoc*., 994 F. Supp. at 1198. In other words, the District Court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. *Id*. at 377. In addition to the contents of the removal petition, the Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer,* 116 F.3d at 377.

In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for Plaintiff on all claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the Complaint, not what the defendant will actually owe. *Rippee v. Boston Mkt. Corp*., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

Here, although Plaintiff does not pray for a specific dollar amount, the Complaint alleges claims for seven (7) causes of action including: (1) Unlawful Pregnancy Discrimination in Violation of Government Code §12900, *et seq*.; (2) Unlawful Pregnancy Harassment in Violation of Government Code § 12940(j); (3) Failure to Accommodate Conditions Related to Pregnancy in Violation of Government Code § 12940 *et seq*.; (4) Failure to Engage in the Interactive Process in Violation of Government Code § 12940, *et seq*.; (5) Failure to Prevent Discrimination, Harassment and Retaliation in Violation of Government Code § 12940(j) and (k); (6) Retaliation in Violation of Government Code § 12940(h); and (7) Injunctive Relief. Assuming that Plaintiff's suit is successful, the amount in controversy requirement is clearly met. *See Jackson v. American Bankers Ins. Co*., 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint"); *Kenneth Rothschild Trust*, 199 F. Supp. 2d at 1001 (amount in controversy is based on assumption that plaintiff prevails on all claims).

***First***, ***Plaintiff's economic damages, as alleged, amount to at least $74,761.20***. (Compl., ¶¶ 38, 47, 52, 80; Prayer for Relief ¶ 1.) A review of Target's records shows that, at the time of her separation, Plaintiff was earning $21.86 per hour. (Klarfeld Decl., ¶ 7.) Plaintiff worked approximately 36 hours a week. (Klarfeld Decl., ¶ 6.) Her weekly earnings, therefore, amounted to approximately $786.96 a week ($21.86 x 36). As such, if trial were set a year from now (i.e., 95 weeks from the first date of Plaintiff's unapproved leave of absence), Plaintiff's alleged lost wages alone would total more than $74,761.20.

***Second***, ***Plaintiff's punitive damages, as alleged, amount to at least $672,850.80***. (Compl., ¶¶ 39, 55, 62, 75, 79; Prayer for Relief ¶ 3.) These damages are included when calculating the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the "amount-in-controversy requirement excludes only 'interests and costs.'"). As discussed above, the amount of economic damages at issue would be at least $74,761.20. Defendant anticipates that Plaintiff will likely argue in favor of a punitive damages award against Defendant that is several times that amount. In *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003), the United States Supreme Court held that there is no bright-line ratio which a punitive damages award cannot exceed. The Court noted, that, "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *Id*. at 410. Accordingly, Plaintiff could receive an award of punitive damages as high as nine times the amount of compensatory damages, or $672,850.80 ($74,761.20 (economic damages) x 9).

***Third***, ***with respect to Plaintiff's emotional distress damages, as alleged, a jury could award at least $152,533***. (Compl. ¶¶ 12, 38, 47, 53, 61; Prayer for Relief ¶ 1.) Claims for attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds for diversity jurisdiction. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys' fees included in determining jurisdictional amount).

Plaintiffs regularly garner awards, which include damages for emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages, and punitive damages, that exceed $75,000 on claims of pregnancy discrimination, harassment, retaliation, failure to provide reasonable accommodation, and failure to engage in the interactive process. *See e.g., Garcia v. Roy Medical Group, Inc.*, No. 20STCV17447 (Cal. L.A. Cty. Super. Ct. Aug 8, 2022) (awarding $190,000 in non-economic damages for failure to engage in the interactive process and failure to accommodate); *Tran v. Golden State Fc., LLC, et al.*, No. BC699931 (Cal. L.A. Cty. Super. Ct. Oct. 21, 2021) 2021 WL 5440982 (awarding $152,533 for failure to engage in the interactive process and retaliation); *Stepp v. Fidelity National Title Group, Inc., et. al.,* No. BC517311 (Cal. L.A. Cty. Super. Ct. Dec. 4, 2015) (awarding $568,850 for pregnancy discrimination, harassment, and retaliation); *Viveros v. Donahoe,* 13 Trials Digest 16th 9 (awarding $225,000 in emotional distress damages on a pregnancy discrimination claim). Target attaches as **Exhibit H** a copy of the above referenced jury verdicts.

Based on Plaintiff's claims and her prayer for relief, the amount in controversy based on Plaintiff's allegations is at least $900,145.00 and, for this reason, there is no question that the amount in controversy in this case well exceeds $75,000. *See White v. FCI USA, Inc*., 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees, would exceed $75,000"). Thus, removal is appropriate and proper.

## VIII. COMPLIANCE WITH STATUTORY REQUIREMENTS FOR REMOVAL

This Notice is timely filed under 28 U.S.C. § 1446(b) in that it is being filed within thirty (30) days of July 3, 2023, which is the completion date of service of the Complaint on Target.

This case may be removed to this Court under 28 U.S.C. § 1441(a) because the Complaint was filed in the Superior Court of the State of California for the County of

Los Angeles, which is within the Central District of California.

Pursuant to 28 U.S.C. § 1446(a), Target attaches as **Exhibit A** a copy of the summons and Complaint served on Target. Target attaches as **Exhibits B - G** all other documents filed in this case. No other process, pleading, or order in the State Court's file has been served on Target up to the date of filing this Notice of Removal.

In accordance with 28 U.S.C. § 1446(d), Target will provide written notice of the filing of this Notice of Removal to counsel of record for Plaintiff, and a Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

If any question arises as to the propriety of the removal of this action, Target respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

WHEREFORE, Target respectfully requests that these proceedings, entitled *Catarina Cortez v. Target Corporation, Inc. et al.*, now pending in the Superior Court of the State of California in and for Los Angeles County, be removed to this Court.

Dated: August 2, 2023         **McDERMOTT WILL & EMERY LLP**

                              By:  */s/Madeline Hassell*
                                   MARIA C. RODRIGUEZ
                                   MARJORIE C. SOTO
                                   MADELINE HASSELL
                                   Attorneys for Defendant,
                                   TARGET CORPORATION