# <u>EXHIBIT A</u>

1  John W. Dalton, Esq. (183685)
   LAW OFFICES OF JOHN W. DALTON
2  990 Highland Drive, Suite 102
   Solana Beach, California 92075-2409
3  (858)720-8422 Office

4  Attorneys for Plaintiff, Catarina Cortez

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/09/2023 4:39 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Tarasyuk, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CATARINA CORTEZ, <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION, A CALIFORNIA CORPORATION, KAMBER TAYLOR, AN INDIVIDUAL and DOES 1-50, inclusive. <br><br> Defendants. | CASE NO. 23STCV13324 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **UNLAWFUL PREGNANCY DISCRIMINATION** <br><br> 2. **UNLAWFUL PREGNANCY HARASSMENT** <br><br> 3. **FAILURE TO REASONABLY ACCOMMODATE CONDITIONS RELATED TO PREGNANCY** <br><br> 4. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS RELATED TO PREGNANCY** <br><br> 5. **FAILURE TO PREVENT PREGNANCY DISCRIMINATION AND PREGNANCY HARASSMENT** <br><br> 6. **RETALIATION FOR OPPOSING FORBIDDEN PRACTICES, ETC.** <br><br> 7. **INJUNCTIVE RELIEF** <br><br> **PUNITIVE DAMAGES** <br><br> *Jury Trial Demanded* |

**FIRST CAUSE OF ACTION**

**PLAINTIFF AGAINST DEFENDANT COMPANY AND DOES 1 THROUGH 50,**

**INCLUSIVE,**

**PREGNANCY DISCRIMINATION**

**(VIOLATION OF CAL. GOV. CODE § 12900, et seq.)**

1.      Plaintiff CATARINA CORTEZ ("Plaintiff" or "Ms. Cortez") is informed and believes and thereon alleges that defendant TARGET CORPORATION, A CALIFORNIA CORPORATION ("Defendant Company" or "Target"), and DOES 1 through 30 are companies, organized and/or authorized to do business in the State of California. Defendant Company has not complied with California Corporations Code §2105 and has not designated a principal office within the State of California, thereby causing Los Angeles County as the proper venue. Defendant Company and DOES 1 through 30 each employ more than five employees and are engaged in interstate commerce within the meaning of California Government Code section 12926.

2.      Plaintiff was at all relevant times complained of herein, an employee of and/or person providing services pursuant to a contract with Defendant Company and/or DOES 1 through 30.

3.      Plaintiff is informed and believes and thereon alleges that at all relevant times, defendant KAMBER TAYLOR ("Individual Defendant" or "Ms. Taylor"), was a supervisor, manager, officer and/or managing agent employed by Defendant Company and DOES 1 through 30.

4.      Plaintiff is informed and believes and thereon alleges that Defendant DOES 31 through 40, inclusive, are individuals who reside in the State of California, and at all relevant times herein, were, and/or are, employed by Defendant Company.

5.      Plaintiff is informed and believes and thereon alleges that Defendant DOES 41 through 50, inclusive, are individuals and/or unknown business entities who reside in the State of California, and at all relevant times herein are and have been supervisors/managers/agents of Defendant Company and DOES 1 through 20.

6.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

1  DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names and

2  capacities. Plaintiff is informed and believes and thereon alleges, that each fictitiously named

3  Defendant is responsible in some manner for the events herein alleged and that the injuries to

4  Plaintiff herein alleged were proximately caused by the conduct of such Defendants.

5  7.    Plaintiff is informed and believes and thereon alleges that at all relevant times herein

6  Defendant Company and DOES 1 through 50 was the agent, alter-ego, joint-employer, employee

7  of, and/or joint venturer with, and/or working in concert with, his/her/its co-defendants and was

8  acting within the course and scope of such agency, employment and/or joint venture and/or

9  concerted activity. To the extent that said conduct was perpetrated by certain Defendants, the

10  remaining Defendants and DOES 1 through 50 confirmed, adopted, approved, and/or ratified the

11  same.

12  8.    Plaintiff is informed and believes and thereon alleges that at all relevant times herein

13  each Defendant and DOES 1 through 50 were completely dominated and controlled by his/her/its

14  co-defendants and each was the alter ego of the other.

15  9.    Whenever and wherever reference is made in this complaint to any conduct by Defendant

16  Company, or DOES, such allegations and references shall also be deemed to mean the conduct of

17  each of the Defendants, acting individually, jointly and severally.

18  10. .    Whenever and wherever reference is made to individuals or DOES who are not named as

19  defendants in this Complaint, but were employees/agents of Defendant Company, such

20  individuals at all relevant times acted on behalf of Defendant Company or respective DOES

21  named in this paragraph within the scope of their respective employments.

22  11.    At all relevant times herein, Plaintiff CATARINA CORTEZ ("Plaintiff") was employed

23  by and/or performed services pursuant to contract with Defendant Company in the State of

24  California.

25  12.    Defendant KAMBER TAYLOR ("Individual Defendant" or "Ms. Taylor"), was a

26  supervisor, manager, officer and/or managing agent employed by Defendant Company,

27  discriminated against, and harassed Plaintiff, and denied, aided or incited a denial of, or

28  discriminated against or made a distinction that denied, full and equal advantages to Plaintiff

1 | based on her pregnancy, discriminated against, refused to contract with, and harassed Plaintiff,

2 | and denied, aided or incited a denial of, or discriminated against or made a distinction that

3 | denied, full and equal advantages to Plaintiff based on her pregnancy.

4 |     Ms. Cortez began her employment with Target, on or about, February 10, 2022 as a

5 | warehouse worker. There were no issues with Ms. Cortez's employment until she informed

6 | Target she was pregnant, which occurred on, or about, June 9, 2022. Within a few days of this

7 | notification, Ms. Cortez was given an undeserved write-up for "disrespectful behavior" and not

8 | supporting teamwork. The discrimination continued in early July 2022, just after Ms. Cortez's

9 | doctor provided information indicating Ms. Cortez had limitations related to her pregnancy (i.e.

10 | maximum of 10 hour shifts; lifting or carrying up to 10 pounds; and pushing or pulling up to 35

11 | pounds). A few days later, on July 9, 2022, Ms. Cortez received a letter, addressed to her, but

12 | containing the name "Dyandra," within the letter. This letter was from Stephanie McMillan, who

13 | is a Senior Human Resource Partner for Target, and the letter indicated Target would only

14 | accommodate Ms. Cortez's doctor ordered limitations for a period of 12 weeks, at which time,

15 | Ms. Cortez would lose her job when she was just five months pregnant. Ms. Cortez could not

16 | afford to lose her job at that point in her pregnancy. This terrified Ms. Cortez and she made

17 | another appointment to see her doctor to see if her limitations could be removed. Given Ms.

18 | Cortez's condition, and because it could possibly endanger her unborn baby, her doctor would

19 | not remove the heavy lifting limitation, but increased it from 10 to 25 pounds. Her doctor did

20 | remove the work length limitation so Ms. Cortez could work up to a 12 hour shift and the

21 | pushing/pulling limitation was also removed by her doctor. Ms. Cortez provided this doctor note

22 | to Target, on or about, July 18, 2022.

23 |     Since Ms. Cortez did not hear from Target that she would not be losing her job after

24 | providing the most recent doctor note, she became concerned and decided to contact Stephanie

25 | McMillan about it. On August 25, 2022, Ms. Cortez emailed Ms. McMillan asking about the

26 | July 9th letter and explaining she had only a single accommodation of not being able to lift more

27 | than 25 pounds. Ms. Cortez asked Ms. McMillan to confirm she would not lose her job because

28 | of her pregnancy. The same day, Ms. McMillan responded via email, and copied Christine

1   Hadwar on the email. Ms. McMillan indicated she was not sure to what letter Ms. Cortez was

2   referring in her email. The next day, August 26, 2022, Ms. Cortez attached the subject letter to

3   an email and sent it to Ms. McMillan. Within minutes, Ms. McMillan emailed Ms. Cortez back,

4   apologizing and stating the letter was sent in error, HR would be looking into it, and for Ms.

5   Cortez to disregard the letter.

6       Soon after this email exchange with HR, which pointed out the pregnancy discrimination

7   that would occur if her reasonable accommodation were stopped, as threatened by the July 9,

8   2022 letter, the harassment and retaliation towards Ms. Cortez began. On or about August 28,

9   2022, Ms. Cortez became extremely hot while working. She became light headed and she told

10  her supervisor, Operations Manager Kamber Taylor, she was not feeling well. On the way to

11  Medcor, Ms. Taylor told Ms. Cortez that she was just "hormonal" and then proceeded to question

12  Ms. Cortez about her pregnancy. Not feeling well, and not wanting to share personal, private

13  information with a person she didn't really know, Ms. Cortez just remained quiet, and simply

14  said, in a quiet one, she would rather not talk about her pregnancy.

15      A few days after this incident, while working, Ms. Cortez was approached by Ms. Taylor,

16  and Ms. Taylor's supervisor, Leslie Carroll. They asked Ms. Cortez what had caused the incident

17  she had experienced a couple of days before. Ms. Cortez told them that she had been working

18  hard, it was hot, and maybe her pregnancy had something to do with it, but really didn't know the

19  cause. Ms. Carroll then admonished Ms. Cortez, claiming Ms. Cortez had been disrespectful to

20  Ms. Taylor during this incident for not answering her questions about Ms. Cortez's pregnancy.

21  Ms. Cortez responded by saying she did not want Ms. Taylor calling her "hormonal" and that she

22  didn't want to talk about her pregnancy with Ms. Taylor. Ms. Carroll then stated it had been

23  brought to her attention that the shirt Ms. Cortez was wearing was inappropriate. It was a tank

24  top style shirt, a shirt, or style of shirt, she had worn previously many times to work and the type

25  of shirt many other workers wore to work. After Ms. Cortez told Ms. Carroll this, Ms. Carroll

26  said it wasn't the style of shirt that was the problem, it was the cleavage of Ms. Cortez's breasts

27  that were the problem. Ms. Cortez was quite shocked, because the shirt completely covered her

28  chest area and no cleavage was showing at all. It was true that her breasts had gotten larger

1   because of her pregnancy, of which Ms. Cortez was very conscious, and took care to be

2   conscientious about what she wore. Ms. Carroll then told Ms. Cortez to either change shirts or

3   go to HR. Ms. Cortez said she would go to HR. Ms. Carroll then yelled at her and said HR

4   wasn't there, so she could either change shirts or be sent home. Ms. Cortez became extremely

5   upset because she very much needed her job, but could not help being pregnant and this was

6   clearly about her being pregnant. Ms. Cortez asked for five minutes so she could think about it,

7   and Ms. Carroll said she had five minutes, so Ms. Cortez went into the bathroom.

8        In the bathroom, Ms. Cortez was crying, scared and very upset. She was completely

9   humiliated. When she came out of the bathroom, she told Ms. Taylor she would change shirts so

10   she could continue her shift. Ms. Taylor then said that she could not let Ms. Cortez stay at work

11   because Ms. Cortez's nails were too long. Her nails had been the same length for quite some

12   time, and Ms. Cortez had had no problems, so she knew Target wanted to suspend her because

13   she was pregnant, which she thought might be illegal, so they made something up, in this

14   instance, her nails. Ms. Taylor told Ms. Cortez not to come back to work until her nails were

15   cut.

16        Ms. Cortez returned to work on or about September 5, 2022. Ms. Taylor ignored her the

17   whole day. During the day, Operations Manager Mario Salas came up to Ms. Cortez and said Ms.

18   Taylor had asked him to check her finger nails. Mr. Salas looked at them and said he didn't see a

19   problem.

20        On September 10th, Ms. Cortez was at work and was given some tasks to do by Mr. Salas.

21   While doing these tasks she was called by Ms. Taylor to do some other tasks, which she did.

22   Later, Ms. Cortez was called into the office and Ms. Taylor was there. Ms. Taylor started asking

23   her if there was "anything wrong at home," to which Ms. Cortez thought was very intrusive, and

24   replied, "no." Ms. Taylor then stated that someone had said they were uncomfortable with the

25   shirt she was wearing. Ms. Cortez's chest was again, completely covered. Ms. Taylor said she

26   had to change and said she would give her another shirt to wear, and asked Ms. Cortez what size

27   shirt she wore. Ms. Cortez said she wore a small. Ms. Taylor then brought Ms. Cortez a very

28

1 | large shirt to wear and said it was all she had for Ms. Cortez to wear. Fearing the loss of her job,

2 | Ms. Cortez put the oversized shirt on. It looked ridiculous and she was completely humiliated.

3 | Over the next few hours, Ms. Cortez continued to work, but with the oversized shirt on,

4 | she began to overheat. She told Mr. Salas and he told her to take off the oversized shirt, so she

5 | could cool off. When she did, he told her he didn't see a problem with the shirt she had on. A

6 | short time later, Mr. Salas approached her with another large shirt and said Ms. Taylor said a

7 | second person had complained about Ms. Cortez's shirt and she had to put this other shirt on.

8 | Ms. Cortez became very upset and did not want to have to go through this humiliation again, and

9 | so told Mr. Salas she was going to HR, which she did.

10 | At the HR Department, Javier Cisneros told Ms. Cortez that Christine Hadwar was not

11 | there. Ms. Cortez then told Mr. Cisneros about the harassment from Ms. Taylor and Ms. Carroll

12 | regarding her shirt and her pregnancy. Mr. Cisneros said that maybe it was because her shirt was

13 | sleeveless, but could not offer any policy which indicated what Ms. Cortez was wearing was

14 | inappropriate. At some point, Ms. Carroll came in and accused Ms. Cortez of being

15 | noncompliant, and she would either have to put another shirt on or be escorted out by security.

16 | Ms. Cortez, while again having her job threatened, began to cry and to have what she thought

17 | was a panic attack. She then went to the nurse that was nearby and was told her vital signs were

18 | too high. She was given ice and some electrolytes to drink by the nurse until her vital signs came

19 | back to normal. When she left the nurse's office, Ms. Taylor and Ms. Carroll were waiting for

20 | her. She was again told to put on the oversized shirt or leave work. Ms. Cortez put the oversized

21 | shirt back on and went back to her department. She tried to work at such a pace that the

22 | additional, oversized clothing did not make her overheat again.

23 | The next morning, Christine Hadwar came to speak to Ms. Cortez in her department and

24 | Ms. Cortez again recounted the harassment and discrimination she had suffered at the hands of

25 | Ms. Taylor and Ms. Carroll because of her pregnancy. Ms. Cortez also offered to show Ms.

26 | Hadwar photos of herself she had taken wearing the shirts that were supposedly inappropriate.

27 | Ms. Hadwar then said the problem really wasn't what Ms. Cortez was wearing, but how she

28 | responded to Ms. Taylor. Ms. Cortez told Ms. Hadwar that she did her job, she did everything

she was told to do by Ms. Taylor. However, she did not like being called "hormonal" and did not like being asked about her pregnancy or her private life.  To these inappropriate statements and inquiries, Ms. Cortez said she told Ms. Taylor she did not want to discuss them and remained quiet. Ms. Cortez then asked if the issue was not how she dressed then what was the issue?  Ms. Cortez then said that she could not help being pregnant. Ms. Hadwar indicated she would get back to her.

On September 12, 2022, Ms. Cortez was given a final corrective action write up from Ms. Taylor for being disrespectful. Ms. Cortez signed the writeup, but complained she was being harassed by Ms. Taylor because of her pregnancy and although she does what she is told to do, she ignores Ms. Taylor when she calls her hormonal or asks about her pregnancy.

Not knowing what else to do, and feeling that she was going to lose her job, Ms. Cortez sent an email to Ms. Hadwar on September 16, 2022 about the events and conduct indicated above. Ms. Cortez emphasized that she could not help being pregnant, she could not help her breasts getting larger because of her pregnancy, of which she was conscious, and specifically would not wear anything inappropriate. Ms. Cortez pointed out she was being targeted because she was pregnant and there was retaliation against her for complaining about it.

Ms. Hadwar sent Ms. Cortez an email stating they would "get together" on Sunday, September 25th, to discuss Ms. Cortez's "concerns."

At the meeting on Sunday, September 25th, Ms. Cortez was very surprised when her concerns about Ms. Taylor's harassment and discrimination regarding her pregnancy was not the topic of the meeting but about Ms. Cortez having used up all of her "pregnancy restrictions." Ms. Hadwar told her that Target's policy is the company only accommodates pregnancy restrictions for 12 weeks. Ms. Hadwar then told Ms. Cortez that her "pregnancy light duty program" had expired on September 24th and that she wasn't even supposed to be at work. Ms. Hadwar then effectively fired Ms. Cortez right there, by telling her that she could not come back to work until her doctor removed her restriction (in this case, the restriction was lifting more than 25 pounds). Ms. Cortez told Ms. Hadwar that it was so unfair and mean because she was being put into a position of either endangering her pregnancy or losing her job.  She told Ms. Hadwar

that she could not endanger her baby, but she needed her job and could not afford to be out of work, she wanted to work and needed to work. Ms. Cortez emphasized to Ms. Hadwar that her only restriction was lifting over 25 pounds and she had been doing her job fine since she had been pregnant. Ms. Hadwar instructed Ms. Cortez to leave the workplace.

On Monday, September 26, 2022, Ms. Cortez was still listed on the schedule to work. She feared she was being set up for termination, and might be accused of a "no show," so she went into work. She clocked in and saw that she was not on the board so she asked Mr. Salas why. Mr. Salas said that Ms. Hadwar told him that she [Ms. Cortez] was no longer coming into work and that she should only speak to Ms. Hadwar. Ms. Cortez then went to the HR Department and spoke to Ms. Hadwar again. Ms. Hadwar again told Ms. Cortez that she would not be allowed to work unless the restriction related to her pregnancy was removed. Ms. Cortez said she was still pregnant, she was going to stay pregnant and the restriction wasn't going away. Ms. Hadwar then said that Ms. Cortez had exhausted her 12 weeks of accommodation and would have to go on "leave of absence." Then she told Ms. Cortez to clock out.

Ms. Cortez was completely distraught. She was five months pregnant, and now without a job because she was pregnant. Not knowing what to do, she sent Ms. Hadwar on email on September 27, 2022, stating what had transpired. Ms. Cortez stated she was five months pregnant and this was the time she really needed to work and wanted to work. She emphasized that she had been doing her job and asked Ms. Hadwar to help her keep working, but without endangering her baby. Ms. Cortez indicated she planned on working up to the time she had to take maternity leave in order to deliver the baby, and asked why she wasn't allowed to work because of her pregnancy. She also stated that not allowing her to work was causing her significant stress. Ms. Hadwar did not respond.

As instructed by Ms. Hadwar, Ms. Cortez called the number she was given and believes she opened her leave of absence. On November 23, 2022, she received an email from Target stating her request for leave was denied. On December 8, 2022, Ms. Cortez received an email from Target stating her leave request was cancelled because the case was "opened in error." On March 13, 2022, Ms. Cortez received a letter from Zachary Taylor from Target's Human

1  Resources Department stating that her absences from September 26, 2022 forward, were

2  unexcused.

3         During the period of time Ms. Cortez had the reasonable accommodation of not lifting

4  anything over 25 pounds, she continued to do her job without any issue. At no time did Target

5  ever engage in any kind of interactive process with Ms. Cortez during the time she was pregnant

6  and working for Target. Even though Ms. Cortez continued doing her job as a warehouse worker

7  without any issue, while she was pregnant, Target never offered to find her a job in which lifting

8  25 pounds was not part of the job description. Ms. Cortez is unaware of any investigation

9  undertaken by Target based on her written complaints of disability/pregnancy

10 discrimination/harassment and retaliation.

11        This is by no means a comprehensive list of Ms. Taylor or Defendant Company's

12 misconduct. The pregnancy discrimination and harassment, failure to stop said discrimination

13 and harassment, failure to accommodate Ms. Cortez's pregnancy, and retaliation perpetrated by

14 Defendant Company and Ms. Taylor has resulted in Ms. Cortez suffering significant emotional

15 damages as well as physical injury and sickness and has forced her to seek legal assistance in

16 resolving this matter.

17 13.    Plaintiff's complaints of Individual Defendant's unabated pregnancy based

18 harassment were ignored by Defendant Company. Defendant Company failed to take all

19 reasonable steps to prevent the pregnancy based harassment from occurring. After complaining,

20 Defendant Company and Individual Defendant retaliated against Plaintiff.

21 14.    All of the above conduct was unwelcome and was directed towards Plaintiff because of

22 her pregnancy.

23 15.    All of the above conduct caused Plaintiff to perceive her work environment as

24 intimidating, hostile, abusive or offensive.

25 16.    All of the above conduct was part of an ongoing and continuing pattern of conduct.

26 17.    Plaintiff complained about much of the harassing conduct to managers, supervisors

27 and/or other managing agents of Defendant Company, but nothing was done to end the

28 harassment and retaliation.

18.     Defendant Company knowingly exposed their employees to discrimination, harassment and retaliation based on pregnancy by failing to take effective remedial action after learning of the acts of said discrimination, harassment and retaliation, by Individual Defendant and Defendant Company.

19.     Defendant Company failed to conduct a prompt and thorough investigation into allegations of pregnancy discrimination, harassment and retaliation made by Plaintiff.

20.     Defendant Company ratified, authorized, approved, and/or ratified the wrongful acts of Individual Defendant and itself.

21.     Defendant Company failed to reprimand and/or discipline Individual Defendant and/or take other forms of remedial action regarding Individual Defendant to prevent the pregnancy discrimination/sexual harassment from occurring.

22.     Defendant Company failed to monitor the ongoing conduct of Individual Defendant.

23.     Defendant Company acted in conscious disregard of the rights or safety of their employees and persons providing services pursuant to contract.

24.     Had Defendant Company conducted a proper and reasonable investigation of the conduct by Individual Defendant and itself, it would have been forced to document the wrongful conduct, and would have been forced to take the required remedial action, thereby preventing Individual Defendant and itself from engaging in the conduct complained of herein.

25.     Defendant Company's failure to take effective remedial action was in conscious disregard of the rights or safety of employees.

26.     Defendant Company's failure to take remedial action against Individual Defendant was ratification of her conduct by Defendant Company.

27.     Defendant Company concealed evidence of its employee's / managing agents' harassment/discrimination and/or retaliation to avoid having to exercise its duty to promptly and fully investigate and take remedial action.

28.     Defendant Company concealed, ignored, and failed to properly act on the complaints against Individual Defendant and itself.

29.     Defendant Company's  acts were malicious and oppressive and in conscious disregard of

the rights or safety of Plaintiff and other employees/contractors of Defendant Company, and in furtherance of Defendant Company' ratification of the wrongful conduct of Individual Defendant. Defendant Company's policy of discrimination and harassment of pregnant employees is malicious and oppressive and in conscious disregard of the rights or safety of Plaintiff and other employees/contractors of Defendant Company, and in furtherance of Defendant Company's ratification of the wrongful conduct of Individual Defendant.

30.    The conduct of Defendant Company and Individual Defendant, as complained of herein, caused Plaintiff to be constantly apprehensive and fearful that Individual Defendant could and would, at her whim, subject her to unwanted pregnancy discrimination, harassment and retaliation, such as calling Plaintiff names related to her pregnancy, asking private personal questions about her pregnancy, requiring her to wear over-sized and additional clothing because of her pregnancy, forcing her out of the workplace because of her pregnancy, and/or other harmful or adverse treatment.

31.    Because of Defendant Company' conduct complained of herein, Individual Defendant at all times material herein, had the ability to subject Plaintiff to adverse conduct anytime she so desired.

32.    At all relevant times herein, Defendant Company and/or its agents/employees harassed, discriminated against, retaliated against, and/or created a hostile work environment situation for Plaintiff.

33.    Plaintiff filed timely complaints against the Defendant Company and Individual Defendant with the California Civil Rights Department ("CRD") alleging pregnancy discrimination, pregnancy harassment, denial of accommodation for pregnancy, retaliation and failure to prevent pregnancy harassment/discrimination.

34.    Thereafter, Plaintiff received from the CRD notification of her Right To Sue in the Courts of the State of California the Defendant Company and Individual Defendant for which complaints had been filed, and subsequently served on Defendant Company and Individual Defendant with the Charges of Discrimination and Right to Sue Notices via United States Certified Mail, return receipt requested, as required by Government Code section 12962.

35.     The conduct of Defendant Company and Individual Defendant and/or their agents/employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendant Company's actions.  Defendant Company and/or its agents/employees or supervisors authorized, condoned and ratified the unlawful conduct of Individual Defendant.

36.     Defendant Company knowingly violated Plaintiff's right to be free from intentional offensive, harmful, pregnancy discrimination/harassment, failure to prevent pregnancy discrimination/harassment, failure to accommodate pregnancy and retaliation.

37.     Defendant Company and DOES 1-50, as complained of herein, established a policy, custom, practice or usage within the organization of Defendant Company, which condoned, encouraged and tolerated and sanctioned, ratified, approved of, and/or acquiesced to pregnancy discrimination/harassment/retaliation towards employees of Defendant Company, including but not limited to the Plaintiff.

38.     By reason of the conduct of Defendant Company and Individual Defendant as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action.  Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendant Company and Individual Defendant's actions, Plaintiff sustained economic damages to be proven at trial.  As a further result of Defendant Company and Individual Defendant's actions, Plaintiff suffered emotional distress as well as physical sickness and injury, resulting in damages to be proven at trial.

39.     The above harassing and discriminatory conduct violates Government Code §§ 12940(a) & (j), Civil Code §§ 51, 51.5, and 52, and California Public Policy and entitles Plaintiff to all categories of damages, including punitive damages.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

## PLAINTIFF AGAINST ALL DEFENDANTS

## AND DOES 1 THROUGH 50, INCLUSIVE,

## UNLAWFUL PREGNANCY HARASSMENT

### (VIOLATION OF CAL. GOV. CODE § 12940(j) and California Public Policy)

40.    Plaintiff incorporates herein by reference all of the facts and allegations contained in paragraphs 1-39 of this complaint as though fully set forth herein.

41.    In perpetrating the above-described conduct, Defendant Company and Individual Defendant engaged in a pattern, practice, policy and custom of unlawful pregnancy discrimination and pregnancy harassment.  Said conduct on the part of Defendant Company constituted a policy, practice, tradition, custom and usage which denied Plaintiff protection of California Government Code § 12940(j).

42.    At all relevant time periods there existed within the organization of Defendant Company a policy, as well as a pattern and practice of conduct by their personnel which resulted in pregnancy discrimination, and/or pregnancy harassment, and/or retaliation, including but not necessarily limited to, conduct directed at Plaintiff.

43.    At all relevant time periods there existed within the organization of Defendant Company a pattern and practice of conduct by personnel which resulted in pregnancy harassment toward pregnant women employees, including but not limited to Plaintiff.

44.    At all relevant time periods Defendant Company failed to make an adequate response and investigation into the conduct of Individual Defendant and Defendant Company and the aforesaid pattern and practice, and thereby established a policy, custom, practice or usage within the organization of Defendant Company which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in pregnancy discrimination and/or pregnancy harassment towards employees of Defendant Company, including but not limited to the Plaintiff.

45.    During all relevant time periods Defendant Company failed to provide any or adequate training, education, and information to their personnel and most particularly to management and supervisory personnel with regard to policies and procedures regarding pregnancy discrimination,

pregnancy harassment, and retaliation for complaining of or resisting pregnancy discrimination and pregnancy harassment.

46.    Defendant Company and Defendant DOES 1-50, as complained of herein, established a policy, custom, practice or usage within the organization of Defendant Company, which condoned, encouraged and tolerated and sanctioned, ratified, approved of, and/or acquiesced to pregnancy discrimination, pregnancy harassment and retaliation towards employees of Defendant Company, including but not limited to the Plaintiff.

47.    By reason of the conduct of Defendant Company and Individual Defendant as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendant Company and Individual Defendant's actions, Plaintiff sustained economic damages to be proven at trial. As a further result of Defendant Company and Individual Defendant's actions, Plaintiff suffered emotional distress, as well as, physical injury and sickness resulting in damages to be proven at trial.

**THIRD CAUSE OF ACTION**

**PLAINTIFF AGAINST DEFENDANT COMPANY,**

**AND DOES 1 THROUGH 50, INCLUSIVE**

**FAILURE TO ACCOMMODATE CONDITIONS RELATED TO PREGNANCY**

**(VIOLATION OF CAL. GOV. CODE §§ 12940 et seq.)**

48.    Plaintiff incorporates herein by reference all of the facts and allegations contained in paragraphs 1-47 of this complaint as though fully set forth herein.

49.    At all times mentioned herein, FEHA was in full force and effect and Defendants were and are subject to its requirements.

50.    As discussed in detail herein, Plaintiff, a qualified individual, was pregnant during part of her employment with Defendant Company, which is a condition covered by FEHA and for which she requested a single accommodation. Plaintiff was accommodated for a short period of time, and easily performed her job without difficulty. Defendant Company removed the single

1  accommodation that had been provided to Plaintiff, as a matter of policy, and thereafter refused

2  and failed to provide Plaintiff with this reasonable accommodation, causing Defendant Company

3  to separate Plaintiff from her employment.

4  51.    The aforementioned conduct constituted a failure to provide a reasonable

5  accommodation in violation of FEHA.

6  52.    As a proximate result of Defendant Company's unlawful conduct, Plaintiff has suffered

7  loss of income and other employment-related benefits in an amount unknown at this time, but

8  according to proof at trial.

9  53.    As a further result of Defendant Company and Individual Defendant's actions, Plaintiff

10  suffered emotional distress, as well as, physical injury and sickness resulting in damages to be

11  proven at trial.

12  54.    As a further proximate result of the aforementioned wrongful conduct, Plaintiff

13  has had to employ the services of attorneys to pursue her legal rights. Plaintiff is entitled to an

14  award of attorneys' fees and costs pursuant to FEHA and according to proof at the time of trial.

15  55.    Defendant Company committed the acts alleged herein maliciously, fraudulently, and

16  oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and

17  evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights. Plaintiff is

18  thus entitled to an award of exemplary and punitive damages according to proof at trial.

19                              **FOURTH CAUSE OF ACTION**

20                    **PLAINTIFF AGAINST DEFENDANT COMPANY,**

21                       **AND DOES 1 THROUGH 50, INCLUSIVE**

22           **FAILURE TO ENGAGE IN INTERACTIVE PROCESS - PREGNANCY**

23                   **(VIOLATION OF CAL. GOV. CODE §§ 12940 et seq.**

24  56.    Plaintiff incorporates herein by reference all of the facts and allegations contained in

25  paragraphs 1- 55 of this complaint as though fully set forth herein.

26  57.    Plaintiff was pregnant, which is treated as a disability under FEHA.  Plaintiff required a

27  single accommodation (i.e. no lifting more than 25 pounds) because of her pregnancy. Defendant

28  Company provided this reasonable accommodation for a period of 12 weeks, during which time

Plaintiff capably performed her job without issue. After 12 weeks, Defendant Company refused to provide the reasonable accommodation to Plaintiff any longer. This effectively ended Plaintiff's employment, or at a minimum, acted as a suspension without pay.

58.    Plaintiff was a qualified individual, who was pregnant, and with a reasonable accommodation performed the essential functions of the employment position she desired and held.

59.    Defendant Company was aware of Plaintiff's pregnancy when Defendant Company ended Plaintiff's employment. Defendants had a duty to engage in an interactive process with Plaintiff regarding her pregnancy and failed to engage in said process.

60.    Plaintiff's status as a pregnant individual was the factor which led to Defendant Company's decision to suspend Plaintiff's employment.

61.    As a further result of Defendant Company and Individual Defendant's actions, Plaintiff suffered emotional distress, as well as, physical injury and sickness resulting in damages to be proven at trial.

62.    Defendant Company committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to an award of exemplary and punitive damages according to proof at trial.

**FIFTH CAUSE OF ACTION**

**PLAINTIFF AGAINST DEFENDANT COMPANY,**

**AND DOES 1 THROUGH 50, INCLUSIVE**

**FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION**

**(VIOLATION OF CAL. GOV. CODE §§ 12940(j) & (k))**

63.    Plaintiff restates and incorporates by this reference each and every allegation contained in paragraphs 1 through 62, inclusive, hereof as fully as if set forth herein.

64.    In violation of California Government Code §§ 12940(j) & (k) Defendant Company failed to take all reasonable steps necessary to prevent pregnancy discrimination and pregnancy harassment from occurring, and retaliation against employees, including Plaintiff, for opposing

forbidden practices.

65.     In perpetrating the above-described conduct, Defendant Company engaged in a pattern, practice, policy and custom of unlawful pregnancy discrimination and pregnancy harassment. Said conduct on the part of Defendant Company constituted a policy, practice, tradition, custom and usage which denied Plaintiff protection of California Government Code § 12940(a) and (j).

66.     At all relevant time periods there existed within the organization of Defendant Company a pattern and practice of conduct by their personnel which resulted in pregnancy discrimination, and/or pregnancy harassment, and/or retaliation, including but not necessarily limited to, conduct directed at Plaintiff. There also existed within Defendant Company a policy which discriminated against pregnant employees, which was known and enforced by Defendant Company.

67.     At all relevant time periods there existed within the organization of Defendant Company a pattern and practice of conduct by personnel which resulted in retaliation toward anyone, including but not limited to Plaintiff, who opposed or complained of pregnancy discrimination or pregnancy harassment.

68.     At all relevant time periods Defendant Company failed to adequately train, or make an adequate response and investigation into the conduct of Individual Defendant and Defendant Company and the aforesaid pattern and practice, and thereby established a policy, custom, practice or usage within the organization of Defendant Company which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in pregnancy discrimination and/or pregnancy harassment towards employees of Defendant Company, including but not limited to, the Plaintiff.

69.     During all relevant time periods, Defendant Company failed to provide any or adequate training, education, and information to their personnel and most particularly to management and supervisory personnel with regard to policies and procedures regarding pregnancy discrimination, pregnancy harassment, and retaliation for complaining of, or resisting, pregnancy discrimination and pregnancy harassment.

70.     Defendant Company knew or reasonably should have known that the failure to provide

any or adequate education, training, and information as to their personnel policies and practices regarding pregnancy discrimination, pregnancy harassment, and retaliation for complaining or resisting pregnancy discrimination and pregnancy harassment, would result in pregnancy discrimination, harassment, and retaliation against employees, including but not limited to, the Plaintiff, for complaining of or resisting the same.

71.    By the acts or failures to act of policy-making personnel within the organization of Defendant Company, including Individual Defendant, Defendant Company were deliberately indifferent to the need to provide any or adequate training, education, and information to the personnel of Defendant Company as to policies regarding pregnancy discrimination and pregnancy harassment, and retaliation for complaining of, or resisting, the same.

72.    The failure of Defendant Company to provide any or adequate education, training, and information to personnel concerning policies and practices regarding pregnancy discrimination, pregnancy harassment, and retaliation for complaining of, or resisting, the same, constituted deliberate indifference to the rights of employees, including but not limited to those of the Plaintiff, under California Government Code § 12940 (a) (h), (i), (j) and (k).

73.    The conduct set forth herein, including the failure to establish and/or enforce any adequate policy and procedure regarding pregnancy discrimination, pregnancy harassment and retaliation for complaining of, or resisting, the same, established in the organization of Defendant Company a policy and custom of ordering, ignoring, encouraging, improving, causing, tolerating, sanctioning, and/or acquiescing in the violation by personnel of Defendant Company of the rights of employees, including, but not limited to, those of the Plaintiff, under California Government Code § 12940 (a) (h), (i), (j) and (k).

74.    As a direct and legal result of Defendant Company's unlawful conduct, Plaintiff's employment was constructively terminated and she was forced to look for alternative employment. Due to Defendant Company's conduct, Plaintiff has suffered damages as set forth herein, including but not limited to, loss of earnings and other employment benefits.

75.    The conduct of Defendant Company and/or its agents/employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's

1  rights and for the deleterious consequences of Defendant Company's actions.  Defendant

2  Company and/or their agents/employees or supervisors authorized, condoned and ratified the

3  unlawful conduct of Individual Defendant and enforced a policy of pregnancy discrimination and

4  pregnancy harassment against Plaintiff and others.  Consequently, Plaintiff is entitled to punitive

5  damages against Defendant Company.

6  ## SIXTH CAUSE OF ACTION

7  ## PLAINTIFF AGAINST DEFENDANT COMPANY AND DOES 1 THROUGH 50

8  ## INCLUSIVE,

9  ## RETALIATION FOR OPPOSING AND COMPLAINING OF FORBIDDEN PRACTICES

10  76.     Plaintiff restates and incorporates by this reference each and every allegation contained in

11  paragraphs 1 through 75, inclusive, hereof as fully as if set forth herein.

12  77.     In violation of California Government Code § 12940(h) Defendant Company and

13  Individual Defendant retaliated against Plaintiff for having opposed, resisted, and complained of

14  the acts alleged herein.

15  78.     Due to Defendant Company and Individual Defendant's conduct, Plaintiff has

16  suffered damages as set forth herein, including but not limited to, loss of earnings and other

17  employment benefits, and out of pocket costs.

18  79.     The conduct of Defendant Company and Individual Defendant and their

19  agents/employees as described herein was malicious, and/or oppressive, and done with a willful

20  and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendant

21  Company and Individual Defendant's actions.  Defendant Company and Individual Defendant

22  and/or their agents/employees or supervisors authorized, condoned and ratified the unlawful

23  conduct of Individual Defendant and Defendant Company.  Consequently, Plaintiff is entitled to

24  punitive damages against Defendant Company and Individual Defendant.

25  80.     By reason of the conduct of Defendant Company and Individual Defendant as alleged

26  herein, Plaintiff has necessarily retained attorneys to prosecute the within action.  Plaintiff is

27  therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness

28  fees and costs, incurred in bringing the within action. As a result of Defendant Company and

Individual Defendant's actions, Plaintiff sustained economic damages to be proven at trial.  As a further result of Defendant Company and Individual Defendant's actions, Plaintiff suffered emotional distress, as well as physical injury and sickness, resulting in damages to be proven at trial.

## SEVENTH CAUSE OF ACTION
### PLAINTIFF AGAINST DEFENDANT COMPANY
### AND DOES 1 THROUGH 50, INCLUSIVE,
### FOR INJUNCTIVE RELIEF

81.    Plaintiff repeats and re-alleges Paragraphs 1 through 80, inclusive, above, and incorporates same herein as though set forth in full.

82.    The acts and omissions of the Defendant Company, and each of them, have caused irreparable harm to Plaintiff and will continue to cause irreparable harm to current employees unless the complained of conduct is enjoined.  There is no immediate, adequate or speedy remedy at law to redress the continuing pregnancy harassing, discriminatory and/or retaliatory policies and practices of Defendant Company, and, therefore, Plaintiff seeks affirmative and injunctive relief as follows:

(a)    for an injunction restraining Defendant Company, and each of them, from continuing or maintaining any policy, practice, custom or usage which is harassing, discriminatory and/or retaliatory in nature, based on pregnancy, against any employee exercising his/her rights under the California Fair Employment and Housing Act ("FEHA");

(b)    for an injunction restraining Defendant Company, along with all Defendant Company's supervising employees, agents and all those subject to its control or acting in concert with it from causing, encouraging, condoning or permitting the practice of harassment, discrimination, and/or retaliation and wilful violations of FEHA, based on pregnancy;

(c)    for affirmative relief requiring Defendant Company to conduct training of all employees to "sensitize" them to the harmful nature of harassing, discriminating, and retaliating against an employee exercising his/her rights under FEHA, based on pregnancy.  The proposed plan of education and training should also include training and detection, and

1  correction and prevention of such retaliatory practices;

2      (d)    for affirmative relief requiring Defendant Company to notify all employees

3  and supervisors, through individual letters and permanent postings in prominent locations in all

4  offices that retaliation violates the California Fair Employment and Housing Act and the

5  consequences of violation of such laws and policies;

6      (e)    for affirmative relief requiring Defendant Company to develop clear and

7  effective policies and procedures for employees complaining of retaliation or violations of FEHA

8  so they may have their complaints promptly and thoroughly investigated (by a neutral fact finder)

9  and informal as well as formal processes for hearing, adjudication and appeal of the complaints;

10  and

11      (f)    for affirmative relief requiring Defendant Company to develop appropriate

12  sanctions or disciplinary measures for supervisors or other employees who are found to have

13  committed harassing, discriminatory and/or retaliatory acts, based on pregnancy, including

14  warnings to the offending person and notations in that person's employment record for reference

15  in the event future complaints are directed against that person, and dismissal where other

16  measures fail.

## PRAYER FOR RELIEF

17

18  WHEREFORE, Plaintiff requests the following judgment and relief:

19  AS TO ALL CAUSES OF ACTION:

20  1.    That Plaintiff be awarded general and consequential damages in amounts to be proven at

21      trial;

22  2.    That Plaintiff be awarded costs of suit and interest incurred as provided by law;

23  3.    That Plaintiff be awarded punitive damages against defendants according to proof at trial;

24  4.    For the costs of the suit herein incurred; attorney's fees; prejudgment and post judgment

25      interest until paid;

26  5.    For statutory attorney's fees and costs related hereto;

27  6.    That this court award such further relief, including, but not limited to, injunctive relief, as

28      the court deems just and proper.

Plaintiff further requests a trial by jury on all issues so triable.

Respectfully Requested,

LAW OFFICES OF JOHN W. DALTON

DATED: June 9 , 2023

By: _____
John W. Dalton
Attorneys for Plaintiff

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TARGET CORPORATION, A CALIFORNIA CORPORATION,
KAMBER TAYLOR, AN INDIVIDUAL and DOES 1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CATARINA CORTEZ

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/09/2023 4:39 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Tarasyuk, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Los Angeles County Superior Court
Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
23STCV13324

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Dalton, Esq., Law Offices of John Dalton, 990 Highland Dr., Suite 102, CA 92075

DATE: June 9, 2023
*(Fecha)* 06/09/2023

David W. Slayton, Executive Officer/Clerk of Court
Clerk, by
*(Secretario)*  Y. Tarasyuk
, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  Target Corporation, A California Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John Dalton, Esq. (183685)<br>Law Offices of John W. Dalton<br>990 Highland Drive, Suite 102<br>Solana Beach, CA 92075<br>TELEPHONE NO.: (858) 720-8422   FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff Catarina Cortez | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/09/2023 4:39 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By Y. Tarasyuk, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Catarina Cortez v. Target Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>23STCV13324 |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
✓ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action *(specify):*  Seven- Pregnancy Discrimination/Harassment, Failure to Prevent, et al.
5. This case ☐ is  ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case  *(You may use form CM-015.)*

Date: June 9, 2023

John Dalton
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/09/2023 4:39 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Tarasyuk, Deputy Clerk

| SHORT TITLE | CASE NUMBER |
|---|---|
| Catarina Cortez v. Target Corporation et al. | 23STCV13324 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Catarina Cortez v. Target Corporation et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☑ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Catarina Cortez v. Target Corporation et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract (Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Catarina Cortez v. Target Corporation et al. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE Catarina Cortez v. Target Corporation et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☑ 9. ☐ 10. ☐ 11 | ADDRESS: 1000 Nicollet Mall [Target Corporation has no Principal Office location in California listed in its California Secretary of State - Statement of Information [Code of Civil Procedure section 395.5, Corporation Code section 2105(a)(3)] |
|---|---|
| CITY: Minneapolis | STATE: MN | ZIP CODE: 55403 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _06/09/2023_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

1

2

3

4

5

6

7

8

9

10

11

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )      FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING         )
FOR CIVIL                             )
                                      )
                                      )
                                      )
_____)

12    On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

13  documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

14  Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

15  Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

16  All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

17  following:

18  1) DEFINITIONS

19    a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to

20       quickly locate and navigate to a designated point of interest within a document.

21    b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling

22       portal, that gives litigants access to the approved Electronic Filing Service Providers.

23    c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission

24       of documents to the Court for processing which may contain one or more PDF documents

25       attached.

26    d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a

27       document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

28

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)    Depositions;

   ii)   Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)    Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)    Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1    11) SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10    DATED: May 3, 2019 

11                               KEVIN C. BRAZILE

12                               Presiding Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO :
E-MAIL ADDRESS (Optional):   FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    _____(INSERT DATE)_____                _____(INSERT DATE)_____
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Print          Save                                                          Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO, (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]    [ Save ]                    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

LACIV 075 (new)
LASC Approved 04/11      **STIPULATION AND ORDER – MOTIONS IN LIMINE**      Page 2 of 2

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

# **<u>EXHIBIT B</u>**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/09/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ Y. Tarasyuk _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV13324 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Curtis A. Kin | 72 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 06/12/2023
(Date)

David W. Slayton, Executive Officer / Clerk of Court

By Y. Tarasyuk _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# **<u>EXHIBIT C</u>**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/23/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ M. Rodriguez _____ Deputy |
| PLAINTIFF:<br>Catarina Cortez | |
| DEFENDANT:<br>Target Corporation, et al. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>23STCV13324 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date:<br>11/01/2023 | Time:<br>9:30 AM | Dept.:<br>72 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _06/23/2023_

_Curtis A. Kin / Judge_
Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

John W. Dalton
990 Highland Drive
Suite 102
Solana Beach, CA 92075

David W. Slayton, Executive Officer / Clerk of Court

Dated: _06/23/2023_

By _M. Rodriguez_
Deputy Clerk

| LACIV 132 (Rev. 07/13)<br>LASC Approved 10-03<br>For Optional Use | **NOTICE OF<br>CASE MANAGEMENT CONFERENCE** | Cal. Rules of Court, rules 3.720-3.730<br>LASC Local Rules, Chapter Three |
|---|---|---|

# **<u>EXHIBIT D</u>**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John Dalton, 183685<br>Law Offices of John W. Dalton<br>990 Highland Drive, Suite 102<br>Solana Beach, CA 92075<br>TELEPHONE NO.: (858) 720-8422<br>ATTORNEY FOR *(Name):* | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>7/14/2023 3:36 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By Y. Marks, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Los Angeles County |
| 111 N. Hill Street |
| Los Angeles, CA 90012-3117 |

| PLAINTIFF/PETITIONER: Catarina Cortez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Target Corporation, et al. | 23STCV13324 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Cortez |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of:

Summons, Complaint for Damages, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum Notice of Case Assignment, First Amended General Order,  Alternative Dispute Resolution (ADR) Information Package, Voluntary Efficient Litigation Stipulations, Order Pursuant to CCP 1054(a), Notice of Case Management Conference

3. a. Party served:  Target Corporation, A California Corporation

   b. Person Served: CT Corporation System - Diana Ruiz, Process Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served:  330 North Brand Blvd, #700
                       Glendale, CA 91203

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on  (date): 07/03/2023        (2) at  (time): 12:32PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Target Corporation, A California Corporation
   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:       Martha G. Mauricio
   b. Address:   One Legal - P-000618-Sonoma
                1400 North McDowell Blvd, Ste 300
                Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3)  registered California process server.
         (i)  Employee or independent contractor.
         (ii)  Registration No.: 2023117509
         (iii) County:  Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 07/03/2023

     Martha G. Mauricio
   (NAME OF PERSON WHO SERVED PAPERS)                (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 20715571

**CT Corporation**
**Service of Process Notification**
07/03/2023
CT Log Number 544205042

## Service of Process Transmittal Summary

**TO:**   EMPLOYEE RELATIONS
Target Corporation
1000 NICOLLET MALL, MS: CC-1810
MINNEAPOLIS, MN 55403-2542

**RE:**   **Process Served in California**

**FOR:**   Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CATARINA CORTEZ // To: Target Corporation |
| **CASE #:** | 23STCV13324 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/03/2023 at 13:02 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/03/2023, Expected Purge Date: 07/08/2023 |
| | Image SOP |
| | Email Notification,  EMPLOYEE RELATIONS  ct.service@target.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Mon, Jul 3, 2023
**Server Name:**                             Jimmy Lizama

| Entity Served | TARGET CORPORATION |
|---|---|
| Case Number | 23STCV13324 |
| Jurisdiction | CA |

| Inserts |
|---|
|  |



POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Law Offices of John W. Dalton<br>John Dalton SBN 183685<br>990 Highland Drive Suite 102<br>Solana Beach, CA 92075<br>  TELEPHONE NO:                              FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:   jdaltonlaw@gmail.com<br>  ATTORNEY FOR *(Name)*:   Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>8/01/2023 3:48 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By Y. Marks, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles |
|---|
|   STREET ADDRESS:   111 N. Hill Street |
|   MAILING ADDRESS: |
|   CITY AND ZIP CODE:   Los Angeles, 90012-3117 |
|   BRANCH NAME:   Central District |

| PLAINTIFF / PETITIONER:   Catarina Cortez | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   Target Corporation, et al. | 23STCV13324 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>9216101 (20828516) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:   Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment - Unlimited Civil Case, First Amended General Order, Voluntary Efficient Litigation Stipulations, Stipulation - Early Organizational Meeting (Blank), Stipulation - Discovery Resolution (Blank), Informal Discovery Conference (Blank), Stipulation and Order - Motions in Limine (Blank), Order Pursuant to CCP 1054(a), Notice of Case Management Conference

3. a. Party served *(specify name of party as shown on documents served)*:
      Kamber Taylor, an individual
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   9910 Valerio Ct, Bakersfield, CA 93312
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   Sat, Jul 29 2023      (2) at *(time)*:   05:14 PM
   b. [ ] **by substituted service.** On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:                                          or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: Catarina Cortez | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Target Corporation, et al. | 23STCV13324 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date)*:                    (2)  from *(city)*:

   (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a.  ☒  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☐  On behalf of *(specify):*

   under the following Code of Civil Procedure section:

   ☐  416.10 (corporation)                      ☐  415.95 (business organization, form unknown)
   ☐  416.20 (defunct corporation)              ☐  416.60 (minor)
   ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
   ☐  416.40 (association or partnership)        ☐  416.90 (authorized person)
   ☐  416.50 (public entity)                    ☐  415.46 (occupant)
   ☐  other:

7.  **Person who served papers**
   a.  Name:  Raquel Quarnstrom
   b.  Address:  1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947
   c.  Telephone number:  800.938.8815
   d.  **The fee** for service was:  $85.00
   e.  I am:
      (1)  ☐  not a registered California process server.
      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒  a registered California process server:
         (i)  ☐ owner  ☐ employee  ☒ independent contractor
         (ii)  Registration No:  685
         (iii)  County:  Kern

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:7/31/23

Raquel Quarnstrom
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack USA- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____
(SIGNATURE)

**<u>EXHIBIT E</u>**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

Catarina Cortez

DEFENDANT(S):

Target Corporation, et al.

**FILED**
Superior Court of California
County of Los Angeles

06/23/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Rodriguez _____ Deputy

| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER: |
| | 23STCV13324 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>08/14/2023</u> at <u>8:30 AM</u> in department<u>72</u> of this court, <u>Stanley Mosk Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]     Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]     To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated:  <u>06/23/2023</u>

_____
Curtis A. Kin / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

06/23/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Rodriguez _____ Deputy

PLAINTIFF/PETITIONER:
Catarina Cortez

DEFENDANT/RESPONDENT:
Target Corporation, et al.

## CERTIFICATE OF MAILING

CASE NUMBER:
23STCV13324

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

John W. Dalton
Law Offices of John W. Dalton
990 Highland Drive
Suite 102
Solana Beach, CA 92075

David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/23/2023          By: M. Rodriguez _____
                                Deputy Clerk

**CERTIFICATE OF MAILING**

# **<u>EXHIBIT F</u>**

MARIA C. RODRIGUEZ (SBN 194201)
mcrodriguez@mwe.com
MARJORIE C. SOTO (SBN 313290)
mcsotogarcia@mwe.com
MADELINE HASSELL (SBN 347161)
mhassell@mwe.com
**McDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3218
Telephone:     +1 310 788 4126
Facsimile:     +1 310 277 7390

Attorneys for Defendant,
TARGET CORPORATION

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/31/2023 4:06 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| CATARINA CORTEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, A CALIFORNIA CORPORATION KAMBER TAYLOR, AN INDIVIDUAL, and DOES 1 through 50, Inclusive;<br><br>Defendants. | CASE NO. 23STCV13324<br><br>Hon.  Curtis A. Kin<br>Dept.:  72<br><br>**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: June 9, 2023 |

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

**TO PLAINTIFF AND HER COUNSEL OF RECORD:**

Defendant Target Corporation ("Target") hereby submits its answer to Plaintiff Catarina Cortez's ("Plaintiff") Complaint (the "Complaint").

## GENERAL DENIAL

Pursuant to the provisions of the California Code of Civil Procedure Section 431.30(d), Target denies, generally and specifically, each and every allegation, statement, matter, and purported cause of action contained in Plaintiff's Complaint.  Without limiting the generality of the foregoing, Target also denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Target.

## ADDITIONAL DEFENSES

In further answer to the Complaint, Target alleges the following additional defenses. Target reserves its right to amend its Answer to include defenses that are not known to it at this time.  In asserting these defenses, Target does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to exhaust her administrative remedies, or to satisfy the procedural and jurisdictional prerequisites, necessary to maintain her purported causes of action, including without limitation those claims asserted under the California Fair Employment and Housing Act (FEHA), Government Code Sections 12940 *et seq.*  Plaintiff is required to, but has failed to, raise an administrative charge with regard to all of the claims raised in her Complaint. A plaintiff must exhaust the administrative remedies available to her before resorting to the courts; this fundamental rule of procedure binds all courts.  *See, e.g.*, *Abelleira v. Dist. Ct. App.*, 17 Cal. 2d 280, 292-93 (1941).  Pursuant to FEHA, a plaintiff must file an administrative charge with the DFEH within one year of any alleged unlawful employment discrimination and receive a right-to-sue letter from the DFEH before she may institute a civil lawsuit against her employer.  *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 63 (2000); *Romano v. Rockwell Int'l, Inc.*, 14 Cal.

4th 479, 492 (1996).  The civil lawsuit must be instituted within one year of obtaining the right-to-sue letter and may not allege broader causes of action than were alleged in the administrative charge.  *See* Cal. Govt.  Code § 12965(b); *Yurick v. Super. Ct.*, 209 Cal. App. 3d 1116, 1121-23 (1989) (in order to exhaust available administrative remedies under the FEHA, a complaining party must specify the acts that [her] claims violated the FEHA in [her] administrative charge).  "The scope of the administrative charge defines the permissible scope of the subsequent civil action."  *Rodriguez v. Airborne Express*, 265 F.3d 890, 896-97 (9th Cir. 2001).

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

(Statute of Limitations)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to those set forth under California Code of Civil Procedure Section 340; California Government Code Sections 12960, 12960(d), 12965(b), and any other applicable statute of limitation.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

(Laches)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred by the doctrine of laches because of Plaintiff's undue delay in giving notice of the matters alleged.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

(Lack of Standing)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred because Plaintiff lacks standing to assert the claims or the injuries alleged, and/or has not been injured or lost any money or property as a result of Target's alleged actions.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>

(Failure to State a Cause of Action)

As to Plaintiff's Complaint, and each cause of action alleged therein, Plaintiff's claims are barred because Plaintiff fails to allege facts sufficient to state a cause of action against Target.

///

///

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

**SIXTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's damages are barred or limited because Target took reasonable steps to provide measures and procedures to prevent and correct workplace harassment, Plaintiff unreasonably failed to use preventative and corrective measures and procedures that Target provided, and Plaintiff's reasonable use of such measures and procedures would have prevented some or all of Plaintiff's alleged harm suffered. *State Dep't of Health Servs. v. Superior Court*, 31 Cal. 4th 1026, 1044 (2003).

**SEVENTH AFFIRMATIVE DEFENSE**

(Waiver)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred by the doctrine of waiver, as a result of the conduct, representations, and omissions of Plaintiff that, in turn, caused her alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE**

(Estoppel)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred by the doctrine of equitable estoppel, as a result of the conduct, representations, and omissions of Plaintiff that, in turn, caused her alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

(*In Pari Delicto*)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred by the doctrine of *in pari delicto*, as a result of the acts and omissions of Plaintiff that make her equally, if not more, at fault for the alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred by the doctrine of unclean hands, as a result of the acts and omissions of Plaintiff that were unethical and, in turn, caused her alleged damages.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

## ELEVENTH AFFIRMATIVE DEFENSE

### (Privilege)

As to Plaintiff's Complaint, and each cause of action therein, and without admitting that Target engaged in the conduct alleged in this lawsuit, Target contends that its conduct was at all times justified, privileged, and undertaken in good faith and without any intent to injure Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unauthorized Actions of Third Parties)

As to Plaintiff's Complaint, and each cause of action therein, without admitting that any agent or employee of Target engaged in such conduct, if any agent or employee of Target engaged in any alleged conduct that can be construed as tortious or otherwise illegal conduct, unlawful discrimination, failure to engage in the interactive process, and/or failure to accommodate, such conduct was unauthorized and outside the scope of such individual's agency or employment.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff cannot recover punitive damages, because Target cannot be vicariously liable for any discriminatory employment decisions that were contrary to Target's good faith efforts to comply with laws prohibiting employment discrimination.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Offset)

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, Target is entitled to an offset under the doctrine prohibiting double recovery of economic damages, including with respect to California Civil Code Sections 1431 *et seq.*, and to the extent that Plaintiff received offsetting funds by other means, including without limitation through insurance or benefits and/or workers' compensation.

///

///

///

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

## FIFTEENTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrine of after-acquired evidence.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Mitigation)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred on the ground that by exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages she allegedly suffered, but Plaintiff failed and/or refused, and continues to fail and/or refuse, to exercise reasonable efforts to mitigate her damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Undue Hardship)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred on the ground that any decisions made by Target with respect to Plaintiff's employment were non-discriminatory, and were reasonably based on legitimate business concerns and/or preventing undue hardship.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, the damages that Plaintiff seeks are barred because an award to Plaintiff would constitute unjust enrichment.

## NINETEENTH AFFIRMATIVE DEFENSE

(Preemption)

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, insofar as Plaintiff seeks recovery for alleged physical and/or emotional injury based on conduct by Target that neither contravenes fundamental California public policy nor exceeds the risks inherent in the employment relationship, such recovery is barred by Labor Code Sections 3601 and 3602, which provide that the exclusive remedy for these alleged injuries is an

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1  action or a claim under the Workers Compensation Act.

2  ## TWENTIETH AFFIRMATIVE DEFENSE

3  (Constitutional Bar of Punitive Damages)

4  As to Plaintiff's Complaint, each cause of action therein, and the damages sought

5  thereunder, Plaintiff's request for punitive damages in her Complaint violates the rights of Target

6  to procedural and substantive due process under the Fifth, Eighth, and Fourteenth Amendment of

7  the United States Constitution and under the Constitution of the State of California.

8  ## TWENTY-FIRST AFFIRMATIVE DEFENSE

9  (Statutory Bar of Punitive Damages)

10  As to Plaintiff's Complaint, each cause of action therein, and the damages sought

11  thereunder, Plaintiff fails to and cannot allege facts sufficient to allow recovery of punitive or

12  exemplary damages from Target under Civil Code Section 3294, including that Target's alleged

13  wrongful conduct for which damages are sought were not oppressive, fraudulent, or malicious,

14  and/or Target had no knowledge or conscious disregard and did not authorize or ratify any act of

15  oppression, fraud, or malice by any officer, director, or managing agent of Target.

16  ## TWENTY-SECOND AFFIRMATIVE DEFENSE

17  (Worker's Compensation Exclusivity)

18  Any claims by Plaintiff based in whole or in part upon any alleged physical or emotional

19  injury or distress are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries,

20  is governed by the California Workers' Compensation Act pursuant to California Labor Code

21  sections 3600 *et seq.*

22  ## TWENTY-THIRD AFFIRMATIVE DEFENSE

23  (Legitimate Non-Discriminatory Actions)

24  As to Plaintiff's Complaint, each cause of action therein, and the damages sought

25  thereunder, Plaintiff's claims are barred, in whole or in part, because all of Target's actions toward

26  Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons.

27  ///

28  ///

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Conduct not Knowing, Willful or Intentional)

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, Plaintiff's claims are barred in whole in or part because Target's conduct as alleged in the Complaint was not knowing, willful or intentional.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack Of Care And Diligence In Performing Services)

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, are barred to the extent that Plaintiff did not exercise the level of care and diligence required when performing her duties or in complying with Target's policies and procedures, pursuant to California Labor Code Sections 2850, 2854, and 2857.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

As to Plaintiff's Complaint, and each cause of action therein, even if the injuries and/or damages alleged occurred, such injuries were proximately caused by and/or were contributed to by Plaintiff's own acts or failure to act, including without limitation Plaintiff's failure to raise any complaint to Target's human resources department.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Accommodation)

Plaintiff's disability discrimination claims are barred to the extent she was provided a reasonable accommodation for her disability, if any.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Truth)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred on the ground that any oral or written statements made by Target were based in truth.

///

///

///

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unable to Perform Essential Functions)

Plaintiff's disability discrimination claims are barred to the extent she was unable to perform the essential functions of her position, with or without reasonable accommodation.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to Engage in Interactive Process)

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, Plaintiff's claims, in whole or part, are barred to the extent that Plaintiff failed to make a good faith effort to engage in the interactive process.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Management Discretion)

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, any and all conduct of which Plaintiff complains or which was attributed to Target was a just and proper exercise of management discretion on the part of Target, undertaken for a fair and honest reason other than Plaintiff's purported disability or any other protected characteristic.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Malice/Good Faith)

Plaintiff's claims for damages are barred in that all decisions and actions of Target with respect to the subject matter of Plaintiff's Complaint were undertaken in good faith, in the absence of malicious intent, and constituted a lawful, proper and justified means to further its legitimate economic interests.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Mixed Motive)

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, Target alleges that Plaintiff's remedies are limited and/or liability is precluded because Target would have taken the same action in absence of any alleged impermissible substantial motivating factor(s).  If it is found that Target's actions were motivated by both legitimate and illegitimate reasons, the legitimate reasons alone would have induced Target to make the same

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

decision.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Legitimate Business Reason)

Plaintiff's claims are barred because any adverse employment actions that Plaintiff allegedly suffered, including termination, were supported by legitimate non-discriminatory and non-retaliatory business reasons.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Any Actions Would Have Been Taken In Any Event)

The damages Plaintiff seeks are barred in whole or in part because any employment actions taken by Target against Plaintiff would have been taken in any event regardless of her purported disability or any other protected characteristic.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Health or Safety Risk)

Plaintiff's disability claims are barred to the extent that she was unable to perform the essential functions of her job without endangering her health or safety, or the health or safety of others, even with reasonable accommodation.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Failure to Comply with Employer's Directions)

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, Plaintiff is not entitled to recover from Target as alleged in the Complaint for any damages, interest, restitution, injunction, or other relief, due to their failure to comply with all directions of her employer concerning the service for which she was engaged, in violation of California Labor Code Section 2856.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Adequate Legal Remedy)

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate and complete remedy at law, and/or Plaintiff cannot make the requisite showing to obtain equitable

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

relief.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Failure to State a Claim for Relief for Punitive Damages)

Plaintiff is not entitled to recover any punitive, double, or exemplary damages against Target, and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud, or malice pursuant to California Civil Code Section 3294(a).

### FORTIETH AFFIRMATIVE DEFENSE

(Compromise and Release)

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, Plaintiff's claims are barred to the extent covered by a prior compromise or release of claims.

### FORTY-FIRST AFFIRMATIVE DEFENSE

(No Injury)

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, Plaintiff sustained no injuries, damages, or loss by reason of any act of Target.

### FORTY-SECOND AFFIRMATIVE DEFENSE

(Right to Raise Other Defenses)

The Complaint is ambiguous and lacks sufficient facts and Target currently does not have sufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available.  To the extent not set forth herein, Target reserves the right to assert additional defenses that become available or apparent during discovery and to amend its Answer accordingly.

### FORTY-THIRD AFFIRMATIVE DEFENSE

(No Attorneys' Fees)

Plaintiff knew or should have known that her claims are without any reasonable basis in law or equity and cannot be supported by good faith arguments for extension, modification, or reversal of existing law.  There also is no contractual or statutory basis for Plaintiff's prayer for

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

attorneys' fees.  As a result of Plaintiff's filing of this lawsuit, Target has been required to obtain the services of the undersigned attorneys, and has incurred and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case.  Target is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with applicable California law.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

(Improper Venue)

Target hereby raises, asserts, and preserves its defense of improper venue.

### PRAYER

WHEREFORE, Target prays for judgment against Plaintiff as follows:

1.      That Plaintiff takes nothing by her Complaint;

2.      That judgment be entered in favor of Target and against Plaintiff, on all causes of action.

3.      That Target be awarded reasonable attorney's fees according to proof;

4.      That Target be awarded the costs of suit herein incurred; and

5.      That Target be awarded such other relief as this Court deems proper.

Dated: July 31, 2023                          **McDERMOTT WILL & EMERY LLP**

By: _____

MARIA C. RODRIGUEZ
MARJORIE C. SOTO
MADELINE HASSELL
Attorneys for Defendant,
TARGET CORPORATION

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I, Cindy Liu, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206. On July 31, 2023, I served a copy of the within document(s): **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION [COURTESY COPY]**: I caused the document(s) to be sent from e-mail address cliu@mwe.com to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY REGULAR MAIL**: By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed FedEx envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

☐ By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

John Dalton, Esq.
LAW OFFICES OF JOHN W. DALTON
990 Highland Drive, Suite 102
Solana Beach, CA 92075
Tel: 858-720-8422

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 31, 2023, at Los Angeles, California.

*/s/Cindy Liu*
Cindy Liu

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Branch Name:** Stanley Mosk Courthouse
**Mailing Address:** 111 North Hill Street
**City, State and Zip Code:** Los Angeles CA 90012

| | |
|---|---|
| **SHORT TITLE:** CATARINA CORTEZ vs TARGET CORPORATION, et al. | **CASE NUMBER:** 23STCV13324 |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Legal Connect
Reference Number: 7985703_2023_07_31_16_01_51_720_1
Submission Number: 23LA01145290
Court Received Date: 07/31/2023
Court Received Time: 4:06 pm
Case Number: 23STCV13324
Case Title: CATARINA CORTEZ vs TARGET CORPORATION, et al.
Location: Stanley Mosk Courthouse
Case Type: Civil Unlimited
Case Category: Civil Rights/Discrimination
Jurisdictional Amount: Over $25,000
Notice Generated Date: 08/01/2023
Notice Generated Time: 8:26 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Answer | Accepted |

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Legal Connect
Contact: Legal Connect
Phone: (800) 909-6859

---

**NOTICE OF CONFIRMATION OF FILING**

Superior Court of California
County of Los Angeles

,

**Receipt**   EFM-2023-6764178.1

**Date:**    8/1/23 8:26 AM
**Time:**    8/1/23 8:26 AM

CASE # 23STCV13324
CATARINA CORTEZ vs TARGET

| | |
|---|---:|
| Unlimited Civil- Ans.non-Plaintiff incl. UD-GC70612,70602.5,70602.6 | 435.00 |
| Court Transaction Fee | 2.25 |
| **Case Total:** | 437.25 |

| | |
|---|---:|
| **Total Paid:** | 437.25 |

23LA01145290

**<u>EXHIBIT G</u>**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

08/01/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ S. Jusi _____ Deputy

PLAINTIFF(S):
Catarina Cortez

DEFENDANT(S):
Target Corporation, et al.

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Dates Remain)**

CASE NUMBER:
23STCV13324

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD OR PLAINTIFF(S) IN PROPRIA PERSONA:

You are hereby notified that effective 08/07/2023              , an order was made that the above-entitled action, previously assigned to Curtis A. Kin                                      , is now and shall be assigned to Joseph Lipner                                            as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in department    72    at  Stanley Mosk Courthouse                                       . (See Chapter 3, Los Angeles Court Rules) All matters on calendar in this case will remain set on the dates previously noticed, in the department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

David W. Slayton, Executive Officer / Clerk of Court

Dated: 08/01/2023            By S. Jusi                                         

Deputy Clerk

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Dates Remain)**

(Proposed LACIV 252)

LASC Approved 00-00

Local Rules Chapter 3

| **SUPERIOR COURT OF CALIFORNIA** **COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/01/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ S. Jusi _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Catarina Cortez | |
| DEFENDANT/RESPONDENT:<br>Target Corporation, et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV13324 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and Order for Plaintiff to Give Notice upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

John W. Dalton
Law Offices of John W. Dalton
990 Highland Drive
Suite 102
Solana Beach, CA 92075-2409

Maria C Rodriguez
McDermott Will & Emery, LLP
2049 Century Park East Suite 3200
Los Angeles, CA 90067

David W. Slayton, Executive Officer / Clerk of Court

Dated: 08/1/2023

By: _S. Jusi_____
       Deputy Clerk

**CERTIFICATE OF MAILING**

**<u>EXHIBIT H</u>**

Electronically Received 07/07/2022 12:40 PM

Kaveh S. Elihu, Esq. (SBN 268249)
Matias N. Castro, Esq. (SBN 308498)
**EMPLOYEE JUSTICE LEGAL GROUP, P.C.**
1001 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 382-2222
Facsimile: (213) 382-2320

Attorneys for Plaintiff,
ROSELYN GARCIA

**FILED**
Superior Court of California
County of Los Angeles

08/08/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____R. Mendoza_____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA,

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ROSELYN GARCIA, an individual<br><br>                    Plaintiff,<br><br>        vs.<br><br>ROY MEDICAL GROUP, INC., a California corporation; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.:  20STCV17447<br><br>*Assigned to Hon. Stephen I. Goorvich; Dept. 39*<br><br>[~~PROPOSED~~] **JUDGMENT AFTER JURY VERDICT**<br><br>Action filed: May 7, 2020<br>Trial Date: March 10, 2022<br>Verdict in Favor of Plaintiff: March 18, 2022 |

IN ACCORDANCE WITH THE JURY VERDICT ENTERED ON MARCH 18, 2022 THE COURT

ENTERS JUDGMENT AS FOLLOWS:

        This action came on regularly for trial on March 10, 2022 in department 39 of the Superior Court

of the State of California for the County of Los Angeles, Central District, the Honorable Stephen I.

Goorvich Judge presiding. Plaintiff was represented by Rhett Francisco and Sam Moorhead and

Defendant was represented by Frank Agello.

A jury of twelve (12) persons was impaneled and sworn. After the evidence and arguments of counsel,

and after the jury was instructed by the Court, the claims were submitted to the Jury with instructions to

-1-

[~~PROPOSED~~] JUDGMENT

return the verdict. The jury deliberated and thereafter returned to the Court with their verdicts consisting

of questions submitted to the jury and the answers given thereto by the jury, which said verdict was in

words and figures as follows, to wit:

"We, the Jury in the above-entitled action, find as follows:"

**PLAINTIFF'S CLAIM FOR DISCRIMINATION**

On Ms. Garcia's claim for discrimination, we find in favor of (**chose only one**)

    __Plaintiff, Roselyn Garcia

or

     X Defendant, Roy Medical Group, Inc.

**PLAINTIFF'S CLAIM FOR RETALIATION**

On Ms. Garcia's claim for retaliation, we find in favor of (**choose only one**)

    __ Plaintiff, Roselyn Garcia

or

     X Defendant, Roy Medical Group, Inc.

**PLAINTIFF'S CLAIM FOR FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

On Ms. Garcia's claim for failure to prevent discrimination and retaliation, we find in favor of (**choose only one**):

    __Plaintiff, Roselyn Garcia

or

     X Defendant, Roy Medical Group, Inc.

**PLAINTIFF'S CLAIM FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**

On Ms. Garcia's claim for failure to engage in a good faith interactive process, we find in favor of (**choose only one**):

     X Plaintiff, Roselyn Garcia

or

    ____ Defendant, Roy Medical Group, Inc.

[~~PROPOSED~~] JUDGMENT

**PLAINTIFF'S CLAIM FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

On Ms. Garcia's claim for failure to provide re3asonable accommodations, we find in favor of (**choose only one**):

      X Plaintiff, Roselyn Garcia.

or

      ___ Defendant, Roy Medical Group, Inc.


**PLAINTIFF'S CLAIM FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

 On Ms. Garcia's claim for wrongful termination in violation of public policy, we find in favor of (**choose only one**):

      __Plaintiff, Roselyn Garcia

or

      X Defendant, Roy Medical Group, Inc.

**PLAINTIFF'S DAMAGES (FEHA & WRONGFUL TERMINATION CLAIMS)**

    Economic damages: $0


    Non-Economic damages: $190,000.00


    Total: $190,000.00


# Special Question No. 1


Did Roy Medical Group, Inc. act with malice, oppression, or fraud towards Ms. Garcia?


    _____ Yes     X No

If your answer to Special Question No. 1 is "Yes", then answer **Special Question No. 2**.

If your answer to Special Question No. 1 is "No", then skip to the end of this verdict form and have the Presiding Juror / Jury Foreperson date and sign this verdict form and notify the court attendant that you are ready to present your verdict in the courtroom.

## Special Question No. 2

Was the malicious, oppressive, or fraudulent act committed by one or more officers, directors, or managing agents who acted on behalf of Roy Medical Group, Inc?

_____ **Yes**          _____ **No**

If your answer to Special Question No. 2 is "Yes", then skip ahead to **Special Question No. 5**.

If your answer to Special Question No. 2 is "No", then answer **Special Question No. 3**.

## Special Question No. 3

Did one or more officers, directors, or managing agents of Roy Medical Group, Inc. know about the act and adopt or approve the conduct after it occurred?

_____ **Yes**          _____ **No**

If your answer to Special Question No. 3 is "Yes", then skip ahead to **Special Question No. 5**.

If your answer to Special Question No. 3 is "No", then answer **Special Question No. 4**.

## **Special Question No. 4**

Was the malicious, oppressive, or fraudulent act authorized by one or more officers, directors, or managing agents of Roy Medical Group, Inc.?

_____ **Yes**          _____ **No**

If your answer to Special Question No. 4 is "Yes", then answer **Special Question No. 5**.

If your answer to Special Question No. 4 is "No", then skip to the end of this verdict form and have the Presiding Juror / Jury Foreperson date and sign this verdict form and notify the court attendant that you are ready to present your verdict in the courtroom.

## **Special Question No. 5**

What amount of punitive damages do you award against Roy Medical Group, Inc.?

$0

**PLAINTIFF'S CLAIM FOR FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS**

On Ms. Garcia's claim for failure to permit inspection of Personnel Records

X  We find in favor of Ms. Garcia and against Roy Medical Group, Inc.

___ We find in favor of Roy Medical Group, Inc. and against Ms. Garcia

Total:                              $750.00

-5-

[~~PROPOSED~~] JUDGMENT

IT IS HEREBY ORDERED, DECREED AND ADJUDGED that: Plaintiff, Roselyn Garcia, an individual, shall have and recover from Roy Medical Group, Inc., general damages in the amount of $190,000.00 plus a penalty of $750.00 for failure to permit inspection of personnel records, for a total of $190,750.00.

Further, Plaintiff, Roselyn Garcia, an individual, shall have and recover her costs and reasonable attorney fees from Defendant, Roy Medical Group, Inc., in an amount to be determined by a Memorandum of Costs and/or Motion for Attorney Fees that Plaintiff, Roselyn Garcia, may hereinafter file.

08/08/2022
_____
DATED

Stephen I. Goorvitch / Judge
_____
THE HONORABLE STEPHEN I. GOORVICH

-6-
[PROPOSED] JUDGMENT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1001 Wilshire Boulevard, Los Angeles, California 90017.

On July 7, 2022, I served the documents as described below

**[PROPOSED] JUDGMENT**

on the interested parties in this action as follows:

roylegalgroup@gmail.com                         *Attorneys for Defendant(s)*
                                                *Roy Medical Group, Inc.*

☒    **BY E-SERVICE:** based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) listed above to be sent to the person at the e-mail address on the service list below on the dates and at the times stated thereon. I did not receive, within a reasonable time after transmission, any electronic message, or other indication that the transmission was unsuccessful.

Executed on July 7, 2022, at Los Angeles, California.

☒    STATE        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Bered Rocha
Name                                             Signature

-7-

[~~PROPOSED~~] JUDGMENT

Electronically Received 04/12/2022 09:33 AM

**FILED**
Superior Court of California
County of Los Angeles

05/12/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ R. Navarro _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES - CENTRAL DISTRICT

THU NGUYET THI "NICKI" TRAN,

    Plaintiff,

vs.

GOLDEN STATE FC, LLC, AMAZON.COM, INC., AMAZON CORPORATE LLC, AMAZON.COM SERVICES, INC., AMAZON.COM.KYDC LLC, and AMAZON.COM SERVICES LLC

    Defendants.

Case No. BC699931

[~~PROPOSED~~] AMENDED JUDGMENT ON GENERAL VERDICT

Dept.:  34

    This action came on regularly for trial on September 27, 2021, in Department 34 of the above-entitled Court, the Honorable Michael P. Linfield, Judge of the Superior Court, presiding. Attorneys Carney R. Shegerian, Anthony Nguyen, and Leo Livshits of Shegerian & Associates, Inc., and Melissa Cardenas, Esq., appeared for plaintiff Thu Nguyet Thi "Nicki" Tran. Attorneys Karen Kimmey and Kelly M. Matayoshi of Farella Braun + Martel LLP appeared for defendants Golden State FC, LLC, Amazon.com, Inc., Amazon Corporate LLC, Amazon.com Services, Inc., Amazon.com.kydc LLC, and Amazon.com Services LLC.

35844\14409408.1

A jury of twelve persons was regularly impaneled and sworn and agreed to try the cause. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return a general verdict. The jury deliberated and thereafter returned to court with its general verdict on the issues submitted and the answers given thereto by the jury, which verdict was in words and figures as follows:

## GENERAL VERDICT

**We, the jury in the above-entitled action, find as follows:**

*For each of questions Nos. 1-8, please check one box*:

1. On plaintiff Nicki Tran's cause of action for discrimination based on pregnancy:

   _____    We find in favor of plaintiff Nicki Tran, and against defendant Amazon.

   ✓    We find in favor of defendant Amazon, and against plaintiff, Nicki Tran.

2. On plaintiff Nicki Tran's cause of action for discrimination based on disability:

   _____    We find in favor of plaintiff Nicki Tran, and against defendant Amazon.

   ✓    We find in favor of defendant Amazon, and against plaintiff, Nicki Tran.

///
///

2

3.  On plaintiff Nicki Tran's cause of action for failure to provide reasonable accommodation:

    \_\_\_\_\_    We find in favor of plaintiff Nicki Tran, and against defendant Amazon.

    ✓    We find in favor of defendant Amazon, and against plaintiff, Nicki Tran.

4.  On plaintiff Nicki Tran's cause of action for failure to engage in the interactive process:

    ✓    We find in favor of plaintiff Nicki Tran, and against defendant Amazon.

    \_\_\_\_\_    We find in favor of defendant Amazon, and against plaintiff, Nicki Tran.

5.  On plaintiff Nick i Tran's cause of action for retaliation:

    ✓    We find in favor of plaintiff Nicki Tran, and against defendant Amazon.

    \_\_\_\_\_    We find in favor of defendant Amazon, and against plaintiff, Nicki Tran.

6.  On plaintiff Nicki Tran's cause of action for violation of the California Family Rights Act:

    ✓    We find in favor of plaintiff Nicki Tran, and against defendant Amazon.

    \_\_\_\_\_    We find in favor of defendant Amazon, and against plaintiff, Nicki Tran.

///

///

JUDGMENT ON GENERAL VERDICT

35844\14409408.1

7.  On plaintiff Nicki Tran's cause of action for violation of the Pregnancy Disability Leave Law:

_____  We find in favor of plaintiff Nicki Tran, and against defendant Amazon.

✔  We find in favor of defendant Amazon, and against plaintiff, Nicki Tran.

8.  On plaintiff Nicki Tran's cause of action for wrongful termination in violation of public policy:

✔  We find in favor of plaintiff Nicki Tran, and against defendant Amazon.

_____  We find in favor of defendant Amazon, and against plaintiff, Nicki Tran.

*If you found in favor of plaintiff Nicki Tran on **any** of the above questions Nos. 1, 2, 3, 4, 5, 6, 7 **or** 8, please answer question No. 9.*

*If you found for defendant Amazon on **all** of the above questions Nos. 1, 2, 3, 4, 5, 6, 7 **and** 8, answer no further questions. Have your Presiding Juror sign and date this form, and notify the Court Attendant.*

9.  What are Nicki Tran's damages?

| | |
|---|---|
| Past economic damages: | $ 118,425.00 |
| Future economic damages: | $ 38,500.00 |
| Emotional distress: | $ 152,553.90 |
| **TOTAL:** | $ 309,478.90 |

*Please answer Question No. 10.*

///

///

4

10.   Do you find with clear and convincing evidence that defendant Amazon acted with malice, oppression or fraud?

Yes _____      No _____ ✔

*Please have your Presiding Juror sign and date this form and return it to the Court Attendant.*

Dated:  October 21, 2021                    Maria A. Cervera-Hubly
                                            Foreperson

WHEREAS, on April 8, 2022, the Court awarded plaintiff Thu Nguyet Thi "Nicki" Tran $2,471,313.60 in attorneys' fees and $163,914.13 in costs pursuant to Government Code section 12965(b);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that plaintiff, Thu Nguyet Thi "Nicki" Tran, have and recover from defendants Golden State FC, LLC, Amazon.com, Inc., Amazon Corporate LLC, Amazon.com Services, Inc., Amazon.com.kydc LLC, and Amazon.com Services LLC the sum of $2,944,706.63 jointly and severally, with post-judgment interest thereon at the rate of ten percent per annum.

IT IS SO ORDERED.

Dated:  _____            Michael P. Linfield / Judge

                                   The Honorable Michael P. Linfield
                                   Judge of the Superior Court

5

JUDGMENT ON GENERAL VERDICT

35844\14409408.1

**TRAN v. GOLDEN STATE FC, et al.**          **LASC CASE NO.:  BC 699931**

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard, Los Angeles, California 90049.

On April 8, 2022, I served the foregoing document, described as "*[PROPOSED] AMENDED JUDGMENT ON GENERAL VERDICT*" on all interested parties in this action by placing true copies thereof in sealed envelopes, addressed as follows:

**Karen Kimmey, Esq.**
**kkimmey@fbm.com**
**Kelly M. Matayoshi, Esq.**
**kmatayoshi@fbm.com**
**FARELLA BRAUN + MARTEL LLP 235**
**Montgomery Street, 17th Floor**
**San Francisco, California 94104**

☐    **(BY MAIL)** As follows:

☐    I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

☒    **(BY ELECTRONIC MAIL)**  I sent such document via electronic mail to the email(s) noted above.

☒    **(STATE)**  I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on April 8, 2022, at Los Angeles, California.

_____
Michelle Hemer



## Attorney claimed she was harassed about pregnancy

**Type:** Verdict-Plaintiff

**Amount:** $1,173,849

**State:** California

**Venue:** Los Angeles County

**Court:** Superior Court of Los Angeles County, Los Angeles, CA

**Injury Type(s):**
- *mental/psychological* - emotional distress

**Case Type:**
- *Employment* - Pregnancy; Retaliation; Workplace Harassment; Gender Discrimination
- *Discrimination* - Fair Housing Act
- *Civil Rights* - Pregnancy Discrimination
- *Intentional Torts* - Intentional Infliction of Emotional Distress

**Case Name:** Jessica A. Stepp v. Fidelity National Title Group Inc., Fidelity National Financial Inc., Fidelity National Law Group, Fidelity National Management Services, John Rygh, and Does 1 through 100, No. BC517311

**Date:** December 04, 2015

**Plaintiff(s):**
- Jessica A. Stepp (Female, 39 Years)

**Plaintiff Attorney(s):**
- Victor L. George; Law Office of Victor L. George; Torrance CA for Jessica A. Stepp
- Wayne C. Smith; Law Office of Victor L. George; Torrance CA for Jessica A. Stepp

**Plaintiff Expert (s):**
- Lester M. Zackler M.D.; Psychiatry; Sherman Oaks, CA called by: Victor L. George, Wayne C. Smith
- Phillip H. Allman, III Ph.D.; Economics; Oakland, CA called by: Victor L. George, Wayne C. Smith

**Defendant(s):**
- John Rygh
- Fidelity National Law Group
- Fidelity National Financial Inc.
- Fidelity National Title Group Inc.
- Fidelity National Management Services

**Defense Attorney(s):**
- Bernard R. Given, II; Loeb & Loeb LLP; Los Angeles, CA for Fidelity National Title Group Inc., John Rygh, Fidelity National Financial Inc., Fidelity National Law Group, Fidelity National Management Services
- Erin M. Smith; Loeb & Loeb LLP; Los Angeles, CA for Fidelity National Title Group Inc., John Rygh, Fidelity National Financial Inc., Fidelity National Law Group, Fidelity National Management Services

**Defendant Expert(s):**
- Mark D. Cohen M.S.; Economics; Walnut Creek, CA called by: for Bernard R. Given, II, Erin M. Smith
- David Kan M.D.; Forensic Psychiatry; San Francisco, CA called by: for Bernard R. Given, II, Erin M. Smith

**Facts:**

In May 2010, plaintiff Jessica Stepp was hired as a vice president and as senior trial counsel at Fidelity National Title Group Inc. Stepp, a mother of two, was five months pregnant when she was hired by Fidelity. She claimed that her supervisor and co-workers made critical remarks about her pregnancy and encouraged her to stop having children. She also claimed that when she returned to work after giving birth, her boss was hostile and uncooperative when she requested accommodations so that she could pump breast milk in private.

Stepp became pregnant twice more, but lost the babies in August 2011 and in February 2012 and had to take time off because of the losses. She claimed that despite the losses, she contemplated getting pregnant again.

In August 2012, Stepp, then 39, was terminated from her position. She claimed that she was fired without warning, unlike her male counterparts, who were given a heads-up and put on probation before being let go.

Stepp filed a claim with the California Department of Fair Employment and Housing, and received a right-to-sue letter. Thus, Stepp sued Fidelity National Title Group Inc.; Fidelity National Financial Inc.; Fidelity National Law Group; Fidelity National Management Services; and Fidelity's managing attorney, John Rygh. Stepp alleged that the defendants' actions constituted intentional infliction of emotional distress; harassment; discrimination based on gender, pregnancy, and a medical condition; and retaliation.

The matter ultimately only continued against Fidelity National Title Group Inc., Fidelity National Financial Inc. and Fidelity National Law Group, as the others were dismissed.

Stepp claimed that when she was hired, Rygh and her co-workers expressed surprise at her pregnancy and asked her whether she would be able to handle all her work and whether she would be "getting her tubes tied" after she delivered her child. She also claimed that when she returned from leave after having the baby, she asked Rygh whether she could be moved to a windowless office that was being used as storage so that she could pump breast milk in private, but that Rygh turned down the request and told her to

figure things out on her own. She further claimed that Rygh refused to cover the cost of putting a lock on her office door to prevent anyone from walking into her office while she was pumping and, instead, forced her to hang a do-not-disturb sign on her door, announcing that she was in the midst of pumping.

Plaintiff's counsel noted after a member of the building maintenance staff entered Stepp's office while her shirt was off, Stepp paid to have a lock installed herself and that until it was put in, Stepp pushed a chair and a box against the door to prevent anyone from getting in.

Stepp alleged that during the first two weeks that she was out of work for the February 2012 loss of her child, Rygh refused to have another attorney take on her cases, even after she told him that a motion was due in one case at the end of the month. She claimed that Rygh told her that no one in the office could handle it and that she would have to figure out how to get it done even though she was incapacitated. Stepp claimed that after the loss of her child in February 2012, and while she was contemplating getting pregnant again, her supervisors devised a reason to fire her, ultimately deciding to blame it on her work performance. Stepp alleged that as a result, Rygh saddled her with untenable workloads that, in July 2012, resulted in her having to work six 17-plus-hour days a week. She further alleged that Rygh refused her requests for backup when she was overwhelmed and that he forced her to take over her paralegal's work after the paralegal quit.

Plaintiff's counsel contended that no male attorney was ever asked to complete his own paralegal's work. Counsel also contended that four of the office's female attorneys were given the heaviest caseloads, in regard to the number of cases and potential losses, even though three of them had toddlers or school-age children. Counsel noted that one of those women eventually resigned, fearing she might commit malpractice as a result of being assigned "a clearly unreasonable amount of cases." Plaintiff's counsel further contended that after the woman resigned, her cases were redistributed throughout the office and her male replacement was given less work to do.

Defense counsel denied Stepp's allegations and maintained that none of her allegations were corroborated by trial witnesses.

**Injury:**

Stepp described herself as a hard worker and she claimed she was never told her performance was substandard. However, she was ultimately fired six months after the second pregnancy loss. Stepp claimed that she was told that she was being fired because she had not provided a supervisor with a draft of a motion in a case, but that the reason was untrue.

Stepp claimed that her marriage became contentious while her Fidelity employment was winding down and that it ended in divorce after she was terminated. She claimed that as a result, she suffered emotional distress, including disgrace, anxiety, and loss of enjoyment of life. She also has not worked in the 3.5 years since she lost her position.

Thus, Stepp sought recovery of general, compensatory and punitive damages, as well as attorney fees.

**Result:**      There were two mediations before the verdict.

The jury found for Fidelity on Stepp's claims brought under the Fair Employment and Housing Act, including pregnancy discrimination, gender discrimination, and retaliation. However, it found for Stepp on her intentional infliction of emotional distress claim. The jury also determined that Stepp's damages totaled $1,173,849.

Defense counsel claimed the jury erroneously included past and future "lost earnings," which were only recoverable in connection with Stepp's claims under FEHA, for which a defense verdict was rendered. However, plaintiff's counsel claimed that in an award for intentional infliction of emotional distress, the plaintiff is entitled to past and present lost earnings, and past and present emotional distress damages.

**Jessica A. Stepp**

$191,600 Personal Injury: Past Pain And Suffering

$365,833 Personal Injury: past economic loss

$239,166 Personal Injury: future economic loss

$377,250 Personal Injury: future emotional distress damages

**Trial Information:**

| | |
|---|---|
| **Judge:** | Mark V. Mooney, Jeffrey Krivis, Michael Young |
| **Demand:** | $750,000 |
| **Offer:** | $400,000 |
| **Trial Length:** | 12 days |
| **Trial Deliberations:** | 3 days |
| **Jury Vote:** | 9-3 |
| **Jury Composition:** | 6 male, 6 female |

Published by Verdict Search, the leading provider of verdict & settlement research

**Post Trial:**     Defense counsel moved for judgment notwithstanding verdict with respect to damages and for a new trial. In the alternative, defense counsel moved to set aside the award relating to past and future lost earnings.   Plaintiff's counsel filed a cost memo for $125,000.   On Feb. 22, 2016, Judge Mark Mooney denied defense counsel's motions, and ordered he jury's verdict to stand.

**Editor's**     This report is based on information that was provided by plaintiff's and defense counsel.
**Comment:**

**Writer**      pidiculla

13 Trials Digest 16th 9, 2012 WL 7854374 (C.D.Cal.) (Verdict and Settlement Summary)

Copyright (c) 2023 Thomson Reuters/West

United States District Court, C.D. California, Western Division.

Viveros vs. Donahoe

**TOPIC:**

Synopsis: Terminated postal worker entitled to damages, reinstatement

Case Type: Labor & Employment; Discrimination; Labor & Employment; Gender; Labor & Employment; Termination/Constructive Discharge

DOCKET NUMBER: 10CV08593(MMM)

STATE: California
COUNTY: Not Applicable

Verdict/Judgment Date: November 30, 2012

JUDGE: Margaret M. Morrow
**ATTORNEYS:**
Plaintiff: Anahit Galstyan, Weidmann & Yun, Los Angeles; Andrew Kazakes, Weidmann & Yun, Los Angeles; Mark Weidmann, Weidmann & Yun, Los Angeles; Edward Yun, Weidmann & Yun, Los Angeles.
Defendant: Andre Birotte Jr., Office of U.S. Attorney, Los Angeles; Terrence M. Jones, Office of U.S. Attorney, Los Angeles; Leon W. Weidman, Office of U.S. Attorney, Los Angeles.

**SUMMARY:**
Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $225,000

Range: $200,000-499,999
$225,000 to plaintiff for emotional distress. Following the verdict, the parties filed a stipulation regarding damages, which included reinstatement for plaintiff. Based on the stipulation and verdict, the court awarded plaintiff $152,200 in back pay, $12,472 in overtime payments, $9,590 in TSP contributions and $279 interest for a total award of $399,541.

Trial Type: Jury

Trial Length: 4 days.

Deliberations: Not reported.

Jury Poll: Not reported.

**EXPERTS:**
Plaintiff: Not reported.
Defendant: Not reported.

Case 2:23-cv-06284-JFW-MAR    Document 1-2    Filed 08/02/23    Page 107 of 107    Page ID #:126

Viveros vs. Donahoe, 13 Trials Digest 16th 9 (2012)

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**

According to court records: Plaintiff Elia Viveros worked for the Sherman Oaks Post Office as a letter carrier. In late 2008, she traveled to Mexico when her grandfather was ill and died. While in Mexico, plaintiff was diagnosed with a high-risk pregnancy and confined to total bed rest. She claimed she was instructed to avoid traveling to ensure she did not lose her baby to miscarriage.

Plaintiff said she informed her Station Manager, Raymond Bryant, about her condition, and Bryant immediately sought her termination.

According to plaintiff, Bryant concealed his plans from plaintiff and represented to her that her job was safe as long as she sent medical documentation. She accused Bryant of sending critical job notices to her Los Angeles apartment, knowing she was in rural Mexico and unable to receive or respond to them.

Plaintiff alleged violation of Title VII of 42 U.S.C.A. § 2000e, the Pregnancy Discrimination Act and the Family Medical Leave Act and claimed wrongful termination against Patrick R. Donahoe, the postmaster general of the United States Postal Service.

**CLAIMED INJURIES**

According to court records:

Emotional distress.

**CLAIMED DAMAGES**

According to court records:

$202,736 past lost wages; $487,771 future economic loss; $690,507 emotional distress.

**SETTLEMENT DISCUSSIONS**

According to court records:

Not reported.

**COMMENTS**

According to court records:

The complaint was filed Nov. 17, 2010.

Trials Digest, A Thomson Reuters/West business
Central District Federal Court/Los Angeles

---

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2023 Thomson Reuters. No claim to original U.S. Government Works.  2