|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

| Case No. | **CV 23-6284-JFW(MARx)** | Date: October 4, 2023 |
|---|---|---|
| Title: | Catarina Cortez -v- Target Corporation, et al. | |

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                                                **None Present**
   **Courtroom Deputy**                                          **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
                    None                                                                               None

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING PLAINTIFF'S FIRST AMENDED MOTION FOR REMAND AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES IN THE AMOUNT OF $4375 [filed 9/18/2023; Docket No. 24];**

On September 18, 2023, Plaintiff Catarina Cortez ("Plaintiff") filed a First Amended Motion for Remand and Request for Attorney's Fees in the Amount of $4375.  On September 25, 2023, Defendants Target Corporation ("Target") and Kamber Taylor ("Taylor") (collectively, "Defendants") filed their Opposition.  On October 2, 2023, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for October 16, 2023 is hereby vacated and the matter taken off calendar.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On February 10, 2022, Target hired Plaintiff as a warehouse worker at Target's Global Supply Chain Logistics facility in Shafter, California. Approximately four months later, on June 9, 2022, Plaintiff informed Target that she was pregnant.  After informing Target of her pregnancy, Plaintiff alleges that Target discriminated against her and harassed her in violation of California's Fair Employment & Housing Act ("FEHA"), Cal. Gov't Code § 12940, *et seq.,* and effectively terminated her in September 2022.

With respect to the Defendant Kamber Taylor, Plaintiff alleges, *inter alia*, that:

-   On August 28, 2022, Taylor (Plaintiff's supervisor) dismissed Plaintiff's concerns about becoming overheated at work, telling Plaintiff that she was just "hormonal."

- On that same date, Taylor questioned Plaintiff about her pregnancy.  Plaintiff did not want to share personal, private information about her pregnancy, and advised Taylor that she would rather not talk about her pregnancy. A few days later, Taylor's direct supervisor, Leslie Carroll, admonished Plaintiff for not answering Taylor's questions about her pregnancy.

- On that same day, with Taylor present, Carroll also admonished Plaintiff that her shirt was inappropriate.  After Plaintiff told Carroll that she had worn that same shirt previously without incident, Carroll stated that Plaintiff's cleavage, which had grown larger because of the pregnancy, made the shirt inappropriate.

- That same day, after Plaintiff stated that she would change her shirt, Taylor sent Plaintiff home on the pretext that her nails were too long, and informed Plaintiff that she could not come back until she cut her nails. Plaintiff alleges that her nails were the same length as they had been prior to informing Defendants of her pregnancy.

- On September 10, 2022, Taylor required Plaintiff to wear an oversized shirt, claiming that her current shirt was again inappropriate. Plaintiff alleges that she was completely covered up by her shirt but that her breasts were larger than normal due to her pregnancy.  When Plaintiff overheated at work and removed the oversized shirt, Taylor required Plaintiff to put the oversized shirt back on again.

On June 9, 2023, Plaintiff filed a Complaint against Defendants in Los Angeles County Superior Court, alleging the following causes of action: (1) pregnancy discrimination in violation of FEHA; (2) unlawful pregnancy harassment in violation of FEHA and California public policy; (3) failure to accommodate conditions related to pregnancy in violation of FEHA; (4) failure to engage in the interactive process in violation of FEHA; (5) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; (6) retaliation for opposing forbidden practices in violation of FEHA; and (7) injunctive relief.  The only claim alleged against Defendant Taylor is the claim for harassment in violation of FEHA.

On August 2, 2023, Defendant Target filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and, in relevant part, that Defendant Taylor was fraudulently joined.  Plaintiff moves to remand this action to Los Angeles County Superior Court, arguing in relevant part that this Court lacks diversity jurisdiction because: (1) both she and Defendant Taylor are citizens of California; and (2) Defendant Taylor was not fraudulently joined.

## II.     LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.

1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

**III.    DISCUSSION**

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  Because Defendants have not met their burden of demonstrating that the parties are completely diverse, this Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

It is undisputed that both Plaintiff and Defendant Taylor are citizens of California.  Defendants, however, argue that Taylor has been fraudulently joined, and, thus, that her presence in this action should be ignored.  "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted).  If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added).  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant.  *See Plute*, 141 F. Supp. 2d at 1008.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)).  Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand.  *See id.*

The Court concludes that Defendants have not carried their burden of demonstrating fraudulent joinder.  Defendants contend that Taylor has been fraudulently joined because Plaintiff has failed to state a claim for harassment based on Taylor's alleged conduct. Defendants' arguments are not sufficient to support removal on the basis of fraudulent joinder.

Under FEHA, it is unlawful for an employer or an individual employee to harass another

employee based on pregnancy, childbirth, or related medical conditions.  See  *Miller v. Dept. of Corrections*, 36 Cal.4th 446, 461 (2005); Cal. Gov't Code § 12940(j). "[H]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (2009) (citations and internal quotation marks omitted). Harassment is "generally concerned with the message conveyed to an employee, and therefore with the social environment of the workplace, whereas discrimination is concerned with explicit changes in the terms or conditions of employment." *Id.* Unlike a discrimination claim, for which only an employer may be liable, an individual employee may be liable for workplace harassment (in addition to the employer)."  *Ramirez v. Speltz*, 2015 WL 5882065, at *3 (N.D. Cal. Oct, 8, 2015).

For harassment to be actionable, "it must be sufficiently severe or pervasive 'to alter the conditions of the victim's employment and create an abusive working environment.'" *Aguilar v. Avis Rent A Car Sys.*, Inc., 21 Cal. 4th 121, 130 (1999) (*quoting Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986)). However, "[i]n 2019, the California Legislature clarified that '[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive environment.'" *Vazquez v. Costco Wholesale Corp.*, 2021 WL 1784342, at *3 (C.D. Cal. May 5, 2021 (quoting Cal. Gov't Code § 12923(b)).

The Court cannot conclude, as a matter of law, that Plaintiff has no possibility of stating a claim for harassment against Taylor.  Plaintiff alleges several actions that, taken together, suggest at least a possibility that Taylor engaged in harassing conduct toward Plaintiff based on her pregnancy, including that: Taylor referred to Plaintiff as "hormonal;" required Plaintiff to wear an oversized shirt based on her increased breast size due to pregnancy; questioned Plaintiff regarding her pregnancy, after which Plaintiff was admonished for declining to answer; and sent Plaintiff home from work for pretextual reasons. In any event, it is unnecessary for the Court to determine whether these allegations state a claim for harassment.  As the court stated in *Stanbrough v. Georgia-Pacific Gypsum LLC*, 2009 WL 137036 (C.D. Cal. Jan. 20, 2009):

> But even if the Court presumes for purposes of discussion that the complaint does not allege sufficient facts to meet this requirement [of pervasive harassment] as to [the supervisor], Defendants have failed to demonstrate fraudulent joinder. . . . Defendants must demonstrate that Plaintiffs could not possibly state a claim against [the supervisor] in state court. Even if the allegations in Plaintiffs' complaint are insufficient to withstand a demurrer in state court, an issue as to which the Court offers no opinion, Defendants have not sufficiently established that Plaintiffs could not amend their complaint and add additional allegations to correct any deficiencies. In other words, the complaint's shortcomings, if any, are strictly factual; Plaintiffs clearly may pursue a cause of action for harassment against [the supervisor] under section 12940(j)(3) of the California Government Code if they can allege sufficient facts.

*Id.* at *2.  Indeed, even if Plaintiff's complaint fails to allege sufficient facts to plead a viable harassment claim against Taylor, Defendants have failed to show that Plaintiff will be unable to amend her complaint to add allegations or facts supporting her claims.  "Parties may not expand federal jurisdiction beyond its statutory boundaries by using fraudulent joinder-based removal as a

replacement for a state court demurrer." *Lizari v. CVS Pharmacy Inc.*, 2011 WL 223806, at *3 (C.D. Cal. Jan. 20, 2011)*.*

Accordingly, the Court concludes that Defendant Taylor was not fraudulently joined. Thus, this Court lacks diversity jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's First Amended Motion for Remand is **GRANTED**, and this action is **REMANDED** to Los Angeles County Superior Court.   Plaintiff's Request for Attorney's Fees in the Amount of $4375 is **DENIED**.

IT IS SO ORDERED.